**Dallas F. MARTIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–90–164 CR.**

Court of Appeals of Texas,
Beaumont.

Aug. 25, 1993.

Tom Brown, Livingston, for appellant.

Terry Brown, Dist. Atty., Livingston, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION ON REMAND

WALKER, Chief Justice.

A jury convicted appellant of two counts of aggravated sexual assault and assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for life and a fine of $5000 on each count. In accord with *Ex parte Pena*, 820 S.W.2d 806 (Tex.Crim.App.1991); and *Fortune v. State*, 745 S.W.2d 364 (Tex.Crim.App. 1988), we vacated appellant's conviction under count two and affirmed his conviction under count one.[1] Appellant sought discretionary review from the Court of Criminal Appeals based upon our holding that evidence of unadjudicated extraneous offenses was admissible during the punishment phase of the trial. The Court of Criminal Appeals granted appellant's petition, reversed our affirmance of appellant's conviction, and remanded the case back to us for reconsideration of the issue in light of the Court's decision in *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App.1992).[2]

During the punishment phase of the instant case, over appellant's timely and proper objection, the trial court permitted a female witness, G.M., to testify that when she was eight or nine years old, appellant sexually assaulted her on a number of occasions. The trial court also permitted the Justice of the Peace for Polk County, Mary Placker, to testify that appellant was her neighbor and that, five or six years prior to trial, appellant had telephoned her and asked if she had heard rumors that something was going on between G.M. and himself. After Judge Placker told appellant she had heard the rumors, appellant told her that the rumors were not true but that he (appellant) would marry G.M. if he could. Judge Placker told appellant that no twelve year old could marry. Appellant was never charged or convicted for any incident involving G.M.

It is uncontested that the State's evidence in the punishment phase of the instant case involving G.M. amounted to a sexual assault on a child. This was the same type of criminal offense for which appellant had just been found guilty on two counts but involving a different child-victim. The record reflects that appellant made an application for and was apparently eligible for probation. The record also reflects, that appellant testified during the punishment phase that he was 64 years old and in very poor health ranging from having heart trouble to being a diabetic. Nevertheless, the jury assessed what amounted to the maximum penitentiary confinement that could be assessed for such offenses.

The scenarios presented in the *Grunsfeld* opinion are strikingly similar to that in the instant case. In *Grunsfeld*, and its companion case of *Hunter v. State*, the Court concluded its analysis as follows:

> The evidence admitted in both cases implicated appellants in offenses which were very similar in detail to the subject offenses. In light of its highly prejudicial nature, we cannot say beyond a reasonable doubt that the admission of the evidence

1. *See, Martin v. State*, No. 09–90–164 CR (Tex. App.—Beaumont, October 21, 1992) (not designated for publication).

2. Although provided the opportunity to do so, neither appellant nor the State chose to file a supplemental brief following remand of this cause to us in light of *Grunsfeld, supra.*

by the trial courts did not contribute to the punishment of appellants.

*Grunsfeld, supra,* 843 S.W.2d at 526.

In the instant case, the required analysis under TEX.R.APP.P. 81(b)(2) leads us to an identical conclusion. Along with the similar nature of the extraneous offense to that of the subject offense (sexual assaults of female children younger than thirteen years old), the fact that appellant was qualified for probation before the jury and was in frail health evidently made little if any impression upon the jury. In light of these circumstances, we too cannot say that, beyond a reasonable doubt, the admission of the extraneous offense evidence by the trial court at the punishment phase did not contribute to appellant's punishment.

For the reasons herein stated, we reverse that portion of the trial court's judgment imposing punishment, and remand this cause to the trial court for a new punishment hearing only. TEX.CODE CRIM.PROC.ANN. art. 44.-29(b) (Vernon Supp.1993).[3]

REVERSED AND REMANDED.

---

**3.** We note with great interest that the latest chapter in the *Grunsfeld* saga was recently written by the Texas Legislature in what only can be described as a blistering reaction to the Court of Criminal Appeal's interpretation of the "legislative intent" of TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 3(a) (Vernon Supp.1993). As amended, effective date being September 1, 1993, art. 37.07 will permit either the State or the defendant to introduce "any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act...." Whether this language effectively trumps the Court's holding in *Grunsfeld*, or whether the always litigious phrase "beyond a reasonable doubt," which was added to the amended version, will provide the Court with an opportunity to further expound on the legislature's intent in including said phrase, the next chapter to be written will be of no small import to we somewhat lesser players in our great State's system of checks and balances.