**Edward McMILLIAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 463–93.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 22, 1993.

Discretionary Review Refused Sept. 22, 1993.

Rehearing Denied Nov. 24, 1993.

Douglas M. O'Brien (court appointed on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry and Helena Gentry, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of aggravated assault and sentenced by the jury to ten years confinement. His conviction was affirmed by the Court of Appeals. *McMillian v. State*, 799 S.W.2d 311 (Tex.App.—Houston [14th] 1990). This Court reversed and vacated the Court of Appeals' judgment, and remanded for reconsideration in light of *Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Cr.App.1992). *McMillian v. State*, 844 S.W.2d 749 (Tex.Cr.

App.1993). Upon remand, the court below again affirmed. *McMillian v. State*, 850 S.W.2d 777 (Tex.Cr.App.1993). Appellant is once again before this Court.

In his current petition, appellant contends the Court of Appeals erred in holding that an unadjudicated extraneous offense, introduced during the punishment phase of trial, was not in violation of our teachings in *Grunsfeld*, supra. The Court of Appeals held that *Grunsfeld* was inapplicable because the unadjudicated criminal trespass was committed subsequently to the charged offense. However, we note that *Grunsfeld* makes no such distinction between uncharged bad acts committed prior to or after the offense for which the defendant is being prosecuted.[1]

The court below also determined that the evidence was not improperly admitted because it was relevant in light of appellant's application for probation. However, the evidence was introduced prior to any defensive evidence, and was not offered to rebut testimony reflecting appellant's eligibility for probation. Therefore, appellant did not open the door for its admission. See, *Murphy v. State*, 777 S.W.2d 44 (Tex.Cr.App.1989); *Grunsfeld*, supra, 843 S.W.2d at 526, n. 12. Accordingly, we hold it was error for the trial court to admit it.

When there is error in the proceedings of the court below, it must also be determined, beyond a reasonable doubt, whether said error made no contribution to either the conviction or to the punishment assessed. *Grunsfeld*, supra at 526; *Harris v. State*, 790 S.W.2d 568 (Tex.Cr.App.1989); Tex.R.App.Pro. 81(b)(2). Appellant's petition for discretionary review is summarily granted. The judgment of the Court of Appeals is reversed and the cause is remanded for proceedings consistent with this opinion.

McCORMICK, P.J., and CAMPBELL, J., dissent.

1. In fact, some of the extraneous offenses held inadmissible in *Grunsfeld* were subsequent to the charged offense in that case. *Id.*, 843 S.W.2d at 522.