Edward McMILLIAN, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–89–00877–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 17, 1994.

Douglas M. O'Brien, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and JUNELL *, JJ.

## OPINION ON SECOND REMAND

J. CURTISS BROWN, Chief Justice.

Appellant entered a plea of not guilty before a jury to the offense of aggravated assault. The jury found appellant guilty of intentionally and knowingly causing serious bodily injury to his wife, LaJuana McMillian, by hitting her in the face with his fist. During the punishment phase of the trial, evidence was introduced regarding an attack by appellant against Mrs. McMillian and her boyfriend, Ricky Lancaster, that occurred approximately two months after the primary offense. The jury assessed punishment at ten years imprisonment and a $5,000.00 fine. On appeal, appellant argued that the evidence of the second attack was erroneously admitted because it was an extraneous unadjudicated offense.

* JUNELL, J., sitting by appointment of the Texas

We affirmed the trial court's judgment and appellant filed a petition for discretionary review. See McMillian v. State, 799 S.W.2d 311 (Tex.App.—Houston [14th Dist.] 1990), rev'd, 844 S.W.2d 749 (Tex.Crim.App.1993). The Court of Criminal Appeals granted appellant's petition, vacated our judgment, and remanded the case to us for reconsideration of the issues in light of Grunsfeld v. State, 843 S.W.2d 521 (Tex.Crim.App.1992). McMillian v. State, 844 S.W.2d 749 (Tex. Crim.App.1993). On remand, we affirmed the judgment of the trial court, distinguishing our case from Grunsfeld by noting that in our case appellant's conduct occurred after appellant had committed the primary offense; therefore, unlike Grunsfeld, appellant had already come into contact with the criminal justice system and his subsequent acts were probative of whether he would conform his conduct to the requirements of the law. McMillian v. State, 850 S.W.2d 777, 780–81 (Tex.App.—Houston [14th Dist.] 1993), rev'd, 865 S.W.2d 459 (Tex.Crim.App.1993). The Court of Criminal Appeals again reversed us, holding that Grunsfeld does not distinguish between uncharged bad acts committed prior to or after the offense for which the defendant is being prosecuted. McMillian v. State, 865 S.W.2d 459, 460 (Tex.Crim.App. 1993). The court remanded the case to us to determine, beyond a reasonable doubt, whether the erroneously admitted evidence contributed to the punishment assessed. Id.

■■■ In determining whether error is harmless, we are not to focus on the propriety of the outcome of the case, but instead should be concerned with the integrity of the process leading to the conviction. Harris v. State, 790 S.W.2d 568, 587 (Tex.Crim.App. 1989). The reviewing court must, first, isolate the error and all of its effects and, second, ask whether a rational trier of fact might have reached a different result if the error and its effects had not resulted. Id. at 588. Factors the court should consider include the source of the error, the nature of the error, whether or to what extent it was emphasized by the State, the error's probable collateral implications, how much weight

Supreme Court.

a juror would probably place on the error, and whether declaring the error harmless would encourage the State to repeat it with impunity. *Id.* at 587.

▮ In looking at the source and nature of the error, we must determine whether the State intended to taint the trial in offering inadmissible evidence. *Higginbotham v. State,* 807 S.W.2d 732, 735 (Tex.Crim.App. 1991). Nothing in the record indicates that the State intended to taint the proceedings. At the time the case was tried it was unclear whether the language of article 37.07, section 3(a) of the Code of Criminal Procedure forbid the introduction of evidence concerning unadjudicated extraneous offenses during the punishment phase of trial. *See* Act of June 15, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex.Gen.Laws 3471, 3492 (amended 1993) (current version at TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1994)). This uncertainty is evident from the Court of Criminal Appeals first remand of this case for reconsideration of the issues in light of *Grunsfeld. See McMillian,* 844 S.W.2d at 749. Therefore, absent other proof, we do not believe that the State intended to taint the proceedings by introducing improper evidence.

We next must consider to what extent the improper evidence was emphasized by the State. Of the five witnesses who testified during the punishment phase of the trial, only three commented on the extraneous offense. In her closing argument, the prosecutor mentioned the unadjudicated extraneous offense only twice. The prosecutor's comments concerning the unadjudicated offense were brief, amounting to just three sentences in over eight pages of closing argument. Furthermore, the prosecutor's argument did not rely on the extraneous offense to enhance the punishment but instead focused on the evidence regarding the primary offense and on discrediting the testimony of appellant's witness. The State did not emphasize the improper evidence.

In considering the collateral implications of the error, we must determine whether the error disparaged a sole defense of appellant. As the error occurred during the punishment phase of trial, appellant did not have a sole

defense, but rather attempted to have the jury probate his sentence. Appellant's aunt, Betty Barnes, testified that appellant was not a violent man and explained appellant's violent conduct toward his ex-wife resulted from the couple's estranged relationship. Ms. Barnes also testified that she and appellant's family would help appellant comply with the terms of probation. In closing, appellant's attorney argued that probation was a sufficient punishment for appellant because of appellant's supportive relatives and also because appellant would not be rehabilitated by being sent to the Texas Department of Corrections.

We do not believe that the extraneous offense evidence disparaged appellant's plea for probation. Betty Barnes's testimony was not discredited because the impetus for the second assault was appellant's estranged marital relationship. The improper evidence also would not denigrate appellant's counsel's argument regarding supportive relatives and the effects of prison on appellant. The collateral implications of the error weigh in favor of finding harmless error.

Next we consider the probable weight the jury placed on the error. Given the egregious facts of the primary offense, the extraneous offense evidence was cumulative. The jury was well aware of the violence that appellant was capable of inflicting against his former wife. The jury undoubtedly assigned little weight to a second assault on LaJuana McMillian in assessing punishment. Therefore, any effect on juror deliberations caused by admitting the extraneous offense was de minimis.

Finally, we must consider whether finding harmless error would encourage the State to repeat the error with impunity. Since appellant's trial, the Court of Criminal Appeals has established strict constraints on the admissibility of extraneous offenses under article 37.07, section 3(a) of the Code of Criminal Procedure. *See Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Crim.App.1992) (construing the 1989 version of art. 37.07, sec. 3(a)). Since the *Grunsfeld* decision the legislature has amended article 37.07, section 3(a) to permit the state or defendant to introduce "any matter the court deems relevant to

sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." TEX.CODE CRIM. PROC.ANN. art. 37.07, § 3(a) (Vernon Supp. 1994). Therefore, it is currently uncertain whether it is still error to admit extraneous unadjudicated offenses like the one admitted in our case. *See Martin v. State,* 860 S.W.2d 735, 737 n. 3 (Tex.App.—Beaumont 1993, no pet.). As a result, we cannot say that the State should be discouraged from introducing evidence of unadjudicated extraneous offenses when it may no longer be error to admit such evidence.

Having found all of the factors weigh in favor of finding no harm, we find beyond a reasonable doubt that the error did not contribute to the jury's decision in sentencing appellant. We affirm the judgment of the trial court.