Arthur Lee LESTER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00748–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 17, 1994.

Discretionary Review Refused
Feb. 8, 1995.

Stephen Morris, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION ON REMAND

J. CURTISS BROWN, Chief Justice.

Arthur Lee Lester, appellant, was convicted of aggravated sexual assault. During the punishment phase of the trial, the State, over

appellant's objection, presented evidence showing appellant had committed a similar sexual assault. The jury assessed punishment at confinement for life in the Institutional Division of the Texas Department of Criminal Justice, and a fine of $10,000.

We affirmed the trial court's judgment, and appellant filed a petition for discretionary review. The Court of Criminal Appeals granted appellant's petition, vacated our judgment, and remanded the case to us for reconsideration of the issues in light of *Grunsfeld v. State*, 843 S.W.2d 521 (Tex. Crim.App.1992). In his sole point of error on remand, appellant contends that the erroneously admitted evidence of the other rape resulted in an improper sentence. We find any error harmless and affirm the judgment of the trial court.

## FACTUAL BACKGROUND

During the punishment phase of the trial, the State presented three witness who testified about an unadjudicated extraneous offense by appellant. First, Delinda Wilker, an officer in the crime scene section of the Houston Police Department, testified that she lifted fingerprints from the scene of a sexual assault on July 4, 1990. Next, Ralph Saldivar, over the objection of appellant's counsel, testified that the fingerprint found at the crime scene by Ms. Wilker matched with appellant's fingerprint. Finally, Stephanie Gibbs testified she lived at the crime scene, and that she was raped on July 4, 1990 in the same manner as the complainant in the instant case. Under *Grunsfeld*, the State should not have presented evidence of this unadjudicated, extraneous offense. The trial court erred in overruling appellant's motion to exclude this evidence. We must determine if the trial court's error was harmful.

## STANDARD OF REVIEW

In determining if error by the trial court was harmful, this court must review the integrity of the process leading to the conviction, not the outcome of the case. *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim.App.1989); *McMillan v. State*, 874 S.W.2d 189, 190 (Tex.App.—Houston [14th

Dist.] 1994, pet. ref'd). We must isolate the error and all of its effects, and then ask whether a rational trier of fact might have reached a different result. *Harris,* 790 S.W.2d at 588; *McMillan,* 874 S.W.2d at 190. Put simply, to uphold the sentence given by the trial court, we must find that beyond a reasonable doubt the erroneous admission of the unadjudicated, extraneous offense did not contribute to an increase in the punishment. *Harris,* 790 S.W.2d at 584. To make this determination, we examine six factors: (1) the source of the error; (2) the nature of the error; (3) the extent to which the erroneous evidence was emphasized by the State; (4) its probable collateral implications; (5) the weight a juror would probably give to the erroneous evidence; and (6) whether declaring the error harmless would encourage the State to repeat the error with impunity. *Harris,* 790 S.W.2d at 587; *McMillan,* 874 S.W.2d at 191.

■ In analyzing the source of the error and nature of the error, we must determine whether the State intended to taint the trial by offering inadmissible evidence. *Higginbotham v. State,* 807 S.W.2d 732, 735 (Tex.Crim.App.1991); *McMillan,* 874 S.W.2d at 190. At the time of the trial, the law in this area was not clear and the State believed it was following the prevailing case law. Therefore, the State did not intend to taint the proceedings by introducing improper evidence.

■ Next, we must determine if the State emphasized the extraneous offense. Although over half of the punishment phase was the presentation of evidence of the other assault, the State never mentioned the unadjudicated extraneous offense during closing argument. Instead the State focused on appellant's admission that he had a severe problem and needed to be imprisoned for as long as possible. We find that the State did not emphasize the extraneous offense because the prosecutor did not mention it in her closing argument.

■ In considering the collateral implications of the error, we must determine whether the error disparaged the sole defense of appellant. As the error occurred during the punishment phase of trial, appellant did not have a sole defense, but instead only pleaded for mercy and treatment for his condition. The introduction of the unadjudicated offense actually served to bolster appellant's claim that he needed treatment. The collateral implications do not support finding the error harmful.

■ Next we consider the weight the jurors would give to the extraneous offense. The State's case was so strong that the prosecutor did not mention the other sexual assault during her closing argument. Instead, the State focused on the evidence of the brutality of the crime, and appellant's testimony that he had a severe problem and needed to be locked up for as long as possible to receive treatment. Because the prosecutor did not mention the extraneous offense in her closing argument, the jurors probably gave little weight to it. The effect on jury deliberations was minimal.

■ Finally, our decision will not result in prosecutors repeating this process with impunity. The Legislature, dissatisfied with the *Grunsfeld* result, passed legislation which allows the introduction of unadjudicated extraneous offenses at the punishment stage of trial. Tex.S.B. 1067, 73rd Leg., R.S. ch. 900, § 5.05, 1993 Tex.Gen.Laws 3586, 3759. There is no danger of further abuse.

Any error in admitting the extraneous offense did not contribute to the jury's decision in sentencing appellant. We affirm the judgment of the trial court.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I respectfully file my dissent.

Under *Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Crim.App.1992) the trial court erred in allowing the state to introduce evidence of an unadjudicated extraneous offense over appellant's objections. I disagree with the majority in that I would hold that this error was harmful. I would reverse and remand for a new punishment hearing.

When we find error in the proceedings of the court below, the error is reversible unless

we determine "beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *Harris v. State,* 790 S.W.2d 568, 584 (Tex.Crim.App.1989). The evidence of the extraneous offense admitted in this case implicated appellant in an offense very similar in detail to the offense for which he was convicted. In light of its highly prejudicial nature, I cannot say beyond a reasonable doubt that the admission of the evidence by the trial court did not contribute to the punishment of appellant.

I would remand the case to the trial court for a new punishment hearing. TEX.CODE CRIM.PROC.ANN. art. 44.29(b) (Vernon 1994 Supp.). I would sustain appellant's point of error.