Danny Leon MATTHEWS, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 14–95–00161–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 1999.

**564**

Brian D. Coyne, Houston, for appellants.

Keli Pool Roper, Houston, for appellees.

Panel consists of Justices YATES, MAURICE E. AMIDEI, and DRAUGHN.[1]

## OPINION ON REMAND

MAURICE E. AMIDEI, Justice.

Danny Leon Matthews appeals his conviction by a jury for capital murder. The jury assessed his punishment at life imprisonment. We affirmed the conviction on original submission. *Matthews v. State,* 965 S.W.2d 541 (Tex.App.-Houston[14th Dist.] 1997). Appellant obtained discretionary review and the court of criminal appeals vacated our decision and remanded the cause to this court for reconsideration of appellant's contention that the trial court erred in failing to instruct the jury

that a juvenile was an accomplice witness in light of *Blake v. State,* 971 S.W.2d 451 (Tex.Crim.App.1998). *Matthews v. State,* 971 S.W.2d 72 (Tex.Crim.App.1998). In his sole point of error on remand, appellant contends that the trial court committed reversible error in failing to instruct the jury that Elizabeth Johnson was an accomplice witness as a matter of law, and that her testimony would require corroboration. We affirm.

On January 19, 1993, appellant and his fourteen-year-old girl friend, Elizabeth Johnson, also known as Elizabeth McAnally (Elizabeth), rented a room at the Sun Light Motel. The next day, appellant told Elizabeth they were almost out of money and he was going to rob the motel clerk. Appellant left Elizabeth in the room and went to the motel office. Standing at a window outside of the office, appellant asked the clerk (Honk Sam Chow) for a Sprite. Appellant slid sixty cents under the window to Ms. Chow for the drink. Ms. Chow then opened the door to hand the drink to appellant, and he pointed a gun at her and forced his way into the office. Appellant demanded money, and Ms. Chow showed appellant the cash register. Appellant grabbed the cash, ordered Chow to get on the floor, and then he shot her in the back of the head. The medical examiner testified Ms. Chow died from a gunshot wound to the head, and a .38 caliber bullet was recovered. The .38 caliber pistol used by appellant to kill Ms. Chow was admitted into evidence. Appellant signed a detailed confession admitting guilt to the murder. Appellant's sister, Jennifer Matthews, gave the police officers a statement indicating appellant called her and admitted the murder to her; the statement was placed into evidence by the State.

This case was remanded to this court because the subsequent decision in *Blake v. State,* 971 S.W.2d 451 (Tex.Crim.App. 1998) overruled *Villarreal v. State,* 708

1. Senior Justice Joe L. Draughn sitting by assignment.

S.W.2d 845 (Tex.Crim.App.1986), relied upon in part by this court on original submission. Our opinion, dated September 4, 1997, held that Elizabeth was fourteen years of age on the date of this offense, January 20, 1993, and she could not have been an accomplice witness as a matter of fact or a matter of law under *Villarreal*, 708 S.W.2d at 848. *Blake* abolished the juvenile exception to the accomplice witness rule, and the testimony of juveniles who could potentially be subject to state sanctioned punishment is now subject to the accomplice witness rule, in the same manner as the testimony of adults. *Blake*, 971 S.W.2d at 461. We will address only appellant's sole point of error on remand in this opinion. *See Lester v. State*, 889 S.W.2d 592, 593 (Tex.App.-Houston[14th Dist.] 1994, pet. ref'd).

█ Article 38.14, Texas Code of Criminal Procedure, requires the testimony of an accomplice to be corroborated to uphold a conviction. Appellant did not object to the jury charge at trial, nor did he submit a special request for an accomplice witness instruction to the trial court. TEX.CODE CRIM. PROC. ANN. art. 36.15 (Vernon 1981 & Supp.1999). If the defendant fails to object to the jury charge at trial, he must show that he suffered egregious harm to secure a reversal on appeal. TEX.CODE CRIM. PROC. ANN. art. 36.19 (Vernon 1981 & Supp.1999); *Hutch v. State*, 922 S.W.2d 166, 170–71 (Tex.Crim.App.1996) *Solis v. State*, 792 S.W.2d 95, 97 (Tex.Crim.App. 1990); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984); *Hall v. State*, 937 S.W.2d 580, 582 (Tex.App.-Texarkana 1996, pet. ref'd).

█ Egregious harm consists of errors affecting the very basis of the case, or that deprive the defendant of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment clearly and significantly more persuasive. *Saunders v. State*, 817 S.W.2d 688, 692); *Almanza*, 686 S.W.2d at 172; *Hall*, 937 S.W.2d at 583.

In *Blake*, the court of criminal appeals reviewed the accomplice witness rule as follows, in pertinent part:

> A person who is merely present at the scene of the offense is not an accomplice; an affirmative act or omission is required. An accomplice participates before, during, or after the commission of the crime—presence at the scene of the offense is not required—though one is not an accomplice for knowing about a crime and failing to disclose it, or even concealing it.
>
> We have also repeatedly stated that a person is an accomplice if he or she could be prosecuted for the same offense as the defendant, or a lesser included offense. By this we mean that a person is an accomplice if there is sufficient evidence connecting them to the criminal offense as a blameworthy participant. "The test is whether or not there is sufficient evidence in the record to support a charge against" the witness alleged to be an accomplice.... [W]hether the person is actually charged and prosecuted for their participation is irrelevant to the determination of accomplice status-what matters is the evidence in the record.

*Blake*, 971 S.W.2d at 454–455 (citations omitted).

█ Appellant contends that Elizabeth pleaded guilty to robbery and received punishment as a juvenile offender. Thus, appellant contends that Elizabeth was an accomplice as a matter of law. As indicated in *Blake*, "whether the person is actually charged and prosecuted for their participation is irrelevant to the determination of accomplice status—what matters is the evidence in the record." *Id.* In his written confession, appellant told Elizabeth to go home after the murder, because she "did not do anything." Elizabeth testified that appellant told her they needed money, and he was going to rob the clerk. After the murder, appellant came back to the room and told Elizabeth he shot the clerk. Appellant left in a cab, and a few

minutes later, Elizabeth's grandmother picked up Elizabeth. Although appellant stole $180.00 in cash from the clerk, there is nothing in the record to indicate he divided the money with Elizabeth. There is nothing in the record to affirmatively indicate Elizabeth actively participated in or encouraged the crime either before, during, or after the crime. The only evidence of any charges filed against Elizabeth came from her testimony. On cross-examination, appellant's counsel asked Elizabeth if she had been charged with the offense and she replied, "no," and denied any participation in the crime. In response to further cross-examination, Elizabeth said she had pleaded guilty to a charge of aggravated robbery so she would be released from detention in juvenile hall. Other than her self-contradictory testimony, there is nothing in the record to show what if any charges were ever filed against Elizabeth. From the record, we find there is no evidence to support any charge against Elizabeth for any crime arising out of the murder by appellant.

Assuming *arguendo*, that Elizabeth was an accomplice, her testimony was corroborated by (1) appellant's detailed confession, (2) appellant's admission of guilt to his sister, Jennifer Matthews, a non-accomplice witness, (3) the murder weapon (appellant's .38 caliber pistol), and (4) the medical report and the medical examiner's testimony showing the victim was killed with a .38 caliber bullet. *See Farris v. State*, 819 S.W.2d 490, 495 (Tex.Crim.App. 1990), *cert. denied*, 503 U.S. 911, 112 S.Ct. 1278, 117 L.Ed.2d 504 (1992) (appellant's confession was sufficient to corroborate an accomplice, because the proof of the confession did not depend upon the testimony of the accomplice; an oral admission of guilt alone by appellant to a non-accomplice witness was sufficient evidence to convict him). We find: (1) Elizabeth Johnson/McAnally was not an accomplice as a matter of law or as a matter of fact; (2) even if Elizabeth were an accomplice, her testimony was corroborated by appellant's confession and other non-accomplice evidence; (3) appellant has not demonstrated any harm as a result of the failure of the trial court to include the instruction requiring corroboration of accomplice witness testimony. We hold appellant has not met the burden of proving that he was egregiously harmed by the failure to instruct. *See Bacey v. State*, 990 S.W.2d 319, 327–32 (Tex.App.-Texarkana 1999, no pet.h.); *Hilton v. State*, 975 S.W.2d 788, 792–93 (Tex.App.-Texarkana 1998, pet. ref'd). We overrule appellant's sole point of error on remand and affirm the judgment of the trial court.