Linville v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00101-CR







Robert Linville, Appellant




v.




The State of Texas, Appellee








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 93-547-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING








 This is an appeal from convictions for first degree felony offenses of intentionally
or knowingly injuring a child by both act and omission. See Tex. Penal Code Ann. § 22.04 (West
1994). (1) The jury found appellant Robert Linville guilty and assessed punishment at fifty years'
imprisonment for each offense charged. Appellant raises three points of error concerning the
admissibility of extraneous acts by appellant. We will affirm.



FACTUAL AND PROCEDURAL BACKGROUND


 Appellant is the stepfather of the two-year-old victim, Wilson Austin Johns. 
Appellant testified that on May 26, 1993, while his wife was at work, he became angry at the
victim and shoved him into a wall and stereo speaker. The victim suffered serious bodily injury,
including multiple skull fractures and swelling of the brain. After injuring the victim, appellant
waited approximately twenty-four hours before seeking medical care for the child. Appellant's
delay in seeking medical attention enhanced the severity of the child's condition.

 Appellant initially said the victim was injured after falling off some furniture. 
However, he later confessed to the Williamson County Sheriff's office that he pushed the victim. 
Appellant admitted that he became angry at the child when he threw a plastic toy at his one-year-old stepsister.

 The main issue in dispute is appellant's mental state. While the State argues that
appellant acted intentionally or with knowledge that his acts would result in serious bodily injury,
appellant contends that he "didn't mean to hurt [the victim]" either by his act of pushing the child
or his omission in not seeking immediate medical care.



DISCUSSION


I. The Plaque

 In his first point of error, appellant complains that the trial court erred in allowing
the State to introduce in its case-in-chief evidence of an extraneous act by appellant. Specifically,
appellant complains of the admission of a wooden plaque that originally contained the words, "If
it cries, love it." (2) The word "it" in this portion of the plaque obviously referred to a child. Some
months before the offense here, appellant altered the plaque to read "If it cries, kill it." Appellant
argues that the plaque should have been excluded by the trial court because it was irrelevant (Tex.
R. Crim. Evid. 401, 402), because it was evidence of an extraneous bad act (Tex. R. Crim. Evid.
404(b)), and because its probative value was substantially outweighed by the danger of unfair
prejudice (Tex. R. Crim. Evid. 403).



 (a) Relevance.

 The Texas Rules of Criminal Evidence favor the admission of all logically relevant
evidence. Montgomery v. State, 810 S.W.2d 372, 375 (Tex. Crim. App. 1990); Tex. R. Crim.
Evid. 402. If evidence has any tendency to make the existence of any fact of consequence to the
determination of the action more or less probable, it is relevant. Montgomery, 810 S.W.2d at
387; Tex. R. Crim. Evid. 401. Establishing the relevancy of an extraneous act is only the first
step, however, in the trial court's determination of whether the evidence should be admitted. 
Rogers v. State, 853 S.W.2d 29, 32 (Tex. Crim. App. 1993) (opinion on reh'g); Montgomery,
810 S.W.2d at 375; Tex. R. Crim. Evid. 401. Relevancy is not an inherent characteristic, but
arises from the relation of the evidence to a matter properly provable in the case. Montgomery,
810 S.W.2d at 375. If evidence tends to make an elemental fact more or less probable, or if it
inferentially supports or challenges an elemental fact, it is relevant. Id. at 387; Tex. R. Crim.
Evid. 401. Because reasonable persons may differ when determining whether a particular
inference arises from a piece of evidence, we will not disturb the trial court's ruling as long as
it is within the "zone of reasonable disagreement." Rogers, 853 S.W.2d at 32; Montgomery, 810
S.W.2d at 391. If logically relevant, the evidence will be admissible unless the opponent
demonstrates that it should be excluded because of some other constitutional, statutory, or rule-of-evidence provision. Montgomery, 810 S.W.2d at 376.

 Appellant argues that the plaque was irrelevant because there was no evidence that
the victim was crying prior to the act by which appellant injured him, and because the alteration
of the plaque took place well before the event in question. We disagree. First, the alteration of
the plaque took place within about six months of the offense, which we do not consider excessive
in this context. Moreover, the fact that appellant recently expressed that "if [a child] cries, kill
it" tends to support, albeit inferentially, the fact that appellant would intentionally hurt a crying
child and, by the same token, tends to refute the defense evidence that he would not do so.

 Further, there was evidence that the child's injuries were not in fact caused by a
single act of violence, but by multiple acts. There was also evidence that the victim cried almost
continuously after his initial injury. In light of the likelihood of the victim's continuous crying,
appellant's alteration of the plaque tends to increase the probability that appellant committed one
or more subsequent acts of intentional violence after the child's initial injury, and also tends to
increase the likelihood that his failure to seek immediate medical care for the victim was
intentional.



 (b) Character Evidence.

 Having determined the relevancy of the plaque, we next examine whether it was
impermissible character evidence. Rule 404 prohibits the use of character evidence to prove
commission of the charged offense. Tex. R. Crim. Evid. 404(a). Thus, although relevant,
"[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person
in order to show that he acted in conformity therewith." Tex. R. Crim. Evid. 404 (b); see also
Bishop v. State, 869 S.W.2d 342, 345 (Tex. Crim. App. 1993). However, evidence of other
crimes, wrongs, or acts may be admitted if such evidence has relevance apart from the tendency
to prove the character of the accused. Montgomery, 810 S.W.2d at 387. For example, Rule
404(b) states that evidence of other crimes, wrongs, or acts may be admissible to prove "motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." 
Tex. R. Crim. Evid. 404(b). Only those purposes other than propensity, such as those listed in
Rule 404(b), will justify the admission of otherwise inadmissible character evidence. 
Montgomery, 810 S.W.2d at 387.

 In the present case, the State introduced the altered plaque after appellant's wife
testified that she did not think her husband intentionally hurt the victim. Moreover, in a statement
given to police by appellant shortly after the injury, which the State introduced into evidence,
appellant stated that when he pushed the child, "I didn't mean to hurt him, I just thought he would
fall down." Thus, appellant's intent was not only a crucial issue in the case, it was also a disputed
issue. Accordingly, the plaque tends to make it more likely that appellant had a malicious or
violent intent toward crying children and is admissible as a Rule 404(b) exception to prove intent. 
Therefore, the challenged evidence had relevance apart from character conformity. (3) See Tex. R.
Crim. Evid. 404(b). At the very least we think such a conclusion would be within the zone of
reasonable disagreement. See Montgomery, 810 S.W.2d at 390-91.



 (c) Unfair Prejudice

 Having determined that evidence of the altered plaque was admissible under Rule
401 and Rule 404(b), respectively, we will now consider if it can withstand a Rule 403 analysis. 
Rule 403 provides:



Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless presentation
of cumulative evidence.



Tex. R. Crim. Evid. 403. In one sense, almost every piece of evidence introduced at trial can be
said to be prejudicial to one side or the other. Consequently, only evidence that is unfairly
prejudicial is excluded. Evidence is unfairly prejudicial when its prejudicial nature substantially
outweighs its probative value. In balancing whether the prejudicial effect of evidence outweighs
its probative value, the presumption is that the probativeness will outweigh any prejudicial effect. 
Montgomery, 810 S.W.2d at 389. So long as the trial court operates within the boundaries of its
discretion, its decision will not be disturbed on appeal. McFarland v. State, 845 S.W.2d 824, 837
(Tex. Crim. App. 1992), cert. denied, 113 S. Ct. 2937 (1993).

 Appellant argues that because the State introduced medical testimony that a mere
push could not have caused such an injury, as well as pictures showing the severity of the victim's
injuries, the need to admit the extraneous act of altering the plaque to show intent was lessened
and its prejudicial impact was paramount. Appellant argues the general proposition that where
the element the State is trying to prove can be readily inferred from other uncontested evidence,
it may not introduce extraneous acts as circumstantial evidence of that element. See Clark v.
State, 726 S.W.2d 120, 122 (Tex. Crim. App. 1986); Robinson v. State, 701 S.W.2d 895, 898-99
(Tex. Crim. App. 1985); see also Moreno v. State, 858 S.W.2d 453, 463-64 (Tex. Crim. App.
1993).

 However, the State's evidence showing intent was not uncontested. First, the
medical testimony reveals opinions that the victim's injuries were caused by multiple blows to the
head. Appellant testified, however, that the victim's multiple head injuries were caused by the
single act of pushing the victim into the wall. Moreover, both appellant and his wife testified that
appellant did not intentionally and would not knowingly hurt the victim. Further, because this
case required a jury to make, primarily on the basis of inferences, a very difficult determination
as to appellant's state of mind, it cannot be said that the jury could "readily infer" whether or not
the appellant intentionally or knowingly injured the child by act and omission without the
challenged evidence. Finally, the trial court gave a limiting instruction concerning the plaque in
the jury charge. (4) We hold that the trial court did not abuse its discretion in admitting the altered
plaque. We overrule point of error one.



II. The Novel

 In his second point of error, appellant complains that, during the punishment phase,
the trial court erred in admitting appellant's testimony that while in jail he read a fictional novel
entitled Interview with a Vampire. At trial, appellant made only a general relevancy objection to
the prosecutor's question about the novel; accordingly, we need not consider whether the question
called for evidence of an inadmissible extraneous act or evidence that was unfairly prejudicial.

 A portion of the book concerned a vampire that killed a child. Evidence that
appellant read the book was introduced to refute appellant's testimony that he could comply with
the law if placed on probation. Appellant testified that he could meet the eligibility requirements
of probation because he had "changed a considerable amount" while in jail. Indeed, appellant's
counsel went through the list of probation conditions one by one, and appellant testified that he
could and would abide by each and every one. Appellant later testified that he had begun studying
the Bible.

 In our review, we are guided by the general rule that "[t]he trial court has broad
discretion in determining admissibility of evidence at the punishment phase of trial." Cooks v.
State, 844 S.W.2d 697, 735 (Tex. Crim. App. 1992), cert. denied, 113 S. Ct. 3048 (1993). In
addition, the Code of Criminal Procedure authorizes the admission, during the punishment phase
of trial, of evidence "as to any matter the court deems relevant to sentencing." Act of May 29,
1989, 71st Leg., R.S., ch. 785, art. 4, § 4.04, 1989 Tex. Gen. Laws 3471, 3492 (Tex. Code
Crim. Proc. Ann. art. 37.07, § (3)(a), since amended). The effect of that provision is to grant
the trial court wide latitude in the admission of evidence in the punishment phase as long as its
admission is otherwise permitted by the rules of evidence. Mock v. State, 848 S.W.2d 215, 225
(Tex. App.El Paso 1992, pet. ref'd). With respect to specific extraneous acts of misconduct,
the court of criminal appeals has stated that "an accused who initiates evidence . . . that he can
comply with the law if placed on probation[] has `opened the door' to rebuttal evidence which
may include proof of specific bad acts." Murphy v. State, 777 S.W.2d 44, 67 (Tex. Crim. App.
1989) (opinion on reh'g); see also Anderson v. State, 896 S.W.2d 578, 579 (Tex. App.Fort
Worth 1995, pet. ref'd).

 Because appellant testified that he had "changed a considerable amount" while in
jail and could now abide by all the conditions of probation, evidence that appellant read a novel
about a vampire preying on a young child might give the jury some insight as to the sincerity of
appellant's changed nature. We therefore conclude that the trial court did not abuse its discretion
in allowing the State to question appellant regarding his having read Interview with a Vampire
while in jail. (5)

 However, even if we were to conclude that the trial court did abuse its discretion
in admitting evidence of the novel, we believe that any such error was harmless. Tex. R. App.
Pro. 81(b)(2). The only question to which an objection was made in this line of questioning was
after the State asked, "[While you were in jail], isn't it true you read a book about vampires and
in that book the vampires killed a child?" (6) The fact that appellant testified that he read the popular
novel constituted only a minimal part of the State's evidence at the punishment phase. Aside from
all the evidence that led the jury to believe that appellant intentionally or knowingly committed
an act and an omission that caused a two-year-old victim to suffer severe brain and skull injuries,
the jury was also made aware (without objection) that while in jail he wrote a love letter to his
wife in his own blood, and wrote another letter in which he expressed a willingness to kill his own
mother. We conclude beyond a reasonable doubt that the evidence of appellant's reading material
in jail did not interfere with the jury's decision-making process and made no contribution to the
punishment assessed by the jury. We overrule point of error two.



III. Other Extraneous Conduct

 In his final point of error, appellant complains that the admission of various
extraneous offenses and bad acts throughout the trial denied him his right to due course of law
under the Texas Constitution and due process of law under the Federal Constitution. (7)
 First, the
State presented evidence that while at the Williamson County Sheriff's office for questioning
shortly after the offense, appellant was found to be in possession of marihuana seeds and a pipe
containing marihuana residue. No objection was made to this evidence. Second, appellant
complains that one of the State's main trial tactics was to portray appellant as a person who
enjoyed causing pain, and that the State introduced extraneous conduct to support this theory. 
With the exception of the extraneous acts discussed above in connection with points of error one
and two, appellant did not object to this evidence. Finally, appellant complains that the State
introduced evidence of extraneous conduct to show that appellant had a bad temper. Appellant
did not object to this evidence.

 The failure to complain or object in the trial court to the admission of evidence
waives any complaint on appeal. Tex. R. App. P. 52(a); Jenkins v. State, 912 S.W.2d 793, 808
(Tex. Crim. App. 1993); Ethington v. State, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). 
Because appellant failed to object to any of the extraneous offenses and bad acts he complains
about in this point of error, except for the evidence addressed in response to his first and second
points of error, nothing is presented for review.

 Nonetheless, it has been held that in very rare instances an error in admitting
evidence may be so clear and so prejudicial that it is subject to review on appeal despite the failure
of the defense to object at trial. See Caballero v. State, 587 S.W.2d 741, 743 (Tex. Crim. App.
1979). Accordingly, we have reviewed each of the extraneous offenses and bad acts not objected
to and find that they were not so prejudicial as to deny appellant's right to a fair and impartial trial
as protected by both the federal and state constitutions. We overrule point of error three.



CONCLUSION


 We affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 3, 1996

Do Not Publish

1.   This offense occurred before September 1, 1994 and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994
have no substantive effect on this offense, the current code is cited for the sake of
convenience.
2.   The original plaque read as follows, in its entirety:


Home Rules



If you sleep on it make it up

If you wear it hang it up

If you drop it pick it up

If you eat out of it put it in the sink

If you step on it wipe it off

If you open it close it

If you empty it fill it up

If it rings answer it

If it howls feed it

If it cries love it
3.   In a sense, appellant's alteration of the plaque was less a "bad act" than the
expression of an "inchoate thought," to which Rule 404(b) does not apply. See Moreno v.
State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). For purposes of the present case, we
assume the applicability of Rule 404(b).
4.   The trial court's limiting instruction stated:


 The Defendant is on trial solely on the charges of Injury to a Child by Act
and Injury to a Child by Omission, as alleged in Counts One and Two of the
indictment. The State has introduced evidence regarding State's Exhibit No.
34 [the plaque]. With regard to such evidence, you are instructed that the
evidence was admitted for the limited purpose of showing the Defendant's
intent or knowledge with regard to the offenses for which he is on trial, if it
does. You are instructed that you cannot consider any evidence regarding
State's Exhibit No. 34 for any purpose unless you first believe such evidence
beyond a reasonable doubt. If you believe beyond a reasonable doubt such
evidence, you may then consider the same only for the limited purpose for
which it was introduced, namely, the Defendant's intent or knowledge with
regard to the offenses for which he is on trial, if it does, and for no other
purpose.
5.   Although we believe this evidence has enough relevance to withstand an abuse-of-desertion complaint as to its admission over a Rule 401 objection, we acknowledge that its
relevancy is slight.
6.   Appellant did not make an objection to the prosecutor's follow-up question: "Isn't
that [Interview with a Vampire] a book where a vampire preyed on a little child as the child
was trying to wake up its dead mother, and then the vampire killed the child and drank its
blood?"
7.   Before addressing the substance of appellant's final point of error, we conclude that
we need not address appellant's state constitutional claims. Appellant has proffered no
argument as to how the protections by the state and federal constitutions differ. State
and federal constitutional claims should be argued in separate grounds, with separate
substantive analysis or argument provided for each ground. Muniz v. State, 851 S.W.2d
238, 251 (Tex. Crim. App. 1993). 





CONCLUSION


 We affirm the judgment of conviction.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 3, 1996

Do Not Publish

1.   This offense occurred before September 1, 1994 and is governed by the law in effect
at the time the offense was committed. Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993
Tex. Gen. Laws 3586, 3705. Because the code amendments effective September 1, 1994
have no substantive effect on this offense, the current code is cited for the sake of
convenience.
2.   The original plaque read as follows, in its entirety:


Home Rules



If you sleep on it make it up

If you wear it hang it up

If you drop it pick it up

If you eat out of it put it in the sink

If you step on it wipe it off

If you open it close it

If you empty it fill it up

If it rings answer it

If it howls feed it

If it cries love it
3.   In a sense, appellant's alteration of the plaque was less a "bad act" than the
expression of an "inchoate thought," to which Rule 404(b) does not apply. See Moreno v.
State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993). For purposes of the present case, we
assume the applicability of Rule 404(b).
4.   The trial court's limiting instruction stated:


 The Defendant is on trial solely on the charges of Injury to a Child by Act
and Injury to a Child by Omiss