NO. 07-11-0357-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2013

_____


MICHAEL ROBERT TIETZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 21,807-A; HONORABLE LEE WATERS, SR. DISTRICT JUDGE,
SITTING BY ASSIGNMENT

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant, Michael Robert Tietz, pled guilty in open court to driving while intoxicated enhanced to a second degree felony[1] and was sentenced to six years confinement. In a single issue, Appellant asserts the trial court erred in admitting evidence of an extraneous offense during the punishment proceedings. We affirm.

---

[1]*See* Texas Penal Code Ann. §§ 12.42(a); 49.04(a), 49.09(b)(2) (West Supp. 2012).

**BACKGROUND**

In September 2010, an indictment was filed alleging that on or about August 6, 2010, Appellant committed the offense of felony driving while intoxicated. The indictment also contained an enhancement paragraph alleging Appellant had previously been convicted of the felony offense of theft of property with a value of $750 or more but less than $20,000. Without a recommendation as to punishment, Appellant entered a plea of guilty to the charged offense and a plea of true to the enhancement, making the range of punishment two to twenty years confinement and a fine of up to $10,000.[2]

Appellant filed an application for community supervision and testified during his hearing, requesting treatment and community supervision. He admitted he drank daily and alcohol abuse led to his theft conviction in 1989, two prior DWIs and an assault on his stepdaughter. He described himself as the main breadwinner for his family, an honest employee that was well thought of at work, and someone who lived for his family. He also testified he didn't believe he was intoxicated the night of his arrest on August 6, 2010.

On cross-examination, the State asked Appellant whether he had sex with an underage female in 1992, when he was twenty-two years old. Appellant's immediate objections were overruled and the State was allowed to question him regarding a statement he had given to an Amarillo Police Department sergeant. Appellant testified that he remembered giving the statement but did not remember the incident. The State then introduced Appellant's signed statement wherein he confessed to having sex with

---

[2]Tex. Penal Code Ann. §§ 12.33 (West 2011)

an underage female. Although Appellant testified he did not remember the incident, he did agree that he was "probably" intoxicated at the time because he was drinking daily during that time period. During closing argument, the State's sole reference to the statement was that "[Appellant's] drinking [puts him] in situations where he threatens young girls in that statement, State's Exhibit Number 6 . . . ." The State concluded by asking for at least ten years confinement. The trial court found Appellant guilty of driving while intoxicated, enhanced, and assessed his sentence at confinement for six years. This appeal followed.

## DISCUSSION

At the outset, we note that the decision of a trial court regarding the admissibility of extraneous offense evidence during the punishment phase of a criminal proceeding is reviewed under an abuse of discretion standard. *Nanez v. State*, 179 S.W.3d 149, 151 (Tex.App.—Amarillo 2005, no pet.) (citing *Saenz v. State*, 843 S.W.2d 24, 26 (Tex.Crim.App. 1992)). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or, alternatively, whether the trial court's actions were arbitrary and unreasonable based on the circumstances of the individual case and whether its discretion falls outside the zone of reasonable disagreement. *Jordan v. State,* 271 S.W.3d 850, 855 (Tex.App.—Amarillo 2008, pet. ref'd) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g)).

For purposes of assessing punishment, a trial court may hear any evidence "deem[ed] relevant to sentencing" and the prosecution may offer evidence of any

extraneous crime or bad act that is shown, beyond a reasonable doubt, either to have been (1) an act committed by the defendant or (2) an act for which he could have been held criminally responsible. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (WEST SUPP. 2012). *See also Arthur v. State*, 11 S.W.3d 386, 392 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd) (citing *Fields v. State*, 1 S.W.3d 687, 688 (Tex.Crim.App. 1999)). Accordingly, during an open plea, the trial court has an obligation to make a determination, upon proper request, whether the proposed evidence is relevant to the issue of punishment. *See Jordan,* 271 S.W.3d at 855.

Evidence that Appellant committed a sexual assault against a minor when he was "probably" under influence of alcohol is relevant to his punishment proceedings. "[W]hen a defendant applies for community supervision (as the appellant did), the trial court may reasonably deem *any* character trait that pertains to the defendant's suitability for community supervision to be a relevant matter for the sentencer to consider." *Sims v. State*, 273 S.W.3d 291, 295 (Tex.Crim.App. 2008) (emphasis added) (citing *Ellison v. State*, 201 S.W.3d 714, 719 (Tex.Crim.App. 2006)). *See also Anderson v. State,* 896 S.W.2d 578, 579 (Tex.App.—Fort Worth 1995, pet. ref'd). (Because appellant offered testimony that he was a "good candidate" for probation, the door was opened to the admission of prior extraneous offense evidence to rebut that testimony.) Further, "by tendering evidence of his 'suitability' for probation, appellant in effect consented to the admission of specific acts of conduct to inform the [sentencer's] discretion in deciding what punishment to assess." *Id.* (citing *Griffin v. State*, 787 S.W.2d 63, 67 (Tex.Crim.App. 1990)).

4

Appellant contends that, because the extraneous offense was sexual in nature, its admission was inherently inflammatory and its presentation by the State required a disproportionate amount of time. There is no *per se* rule regarding the admission of extraneous offenses involving illegal sexual behavior in a sentencing proceeding. *See, for example, Anderson,* 896 S.W.2d at 579.[3] In addition to being relevant to Appellant's request for community supervision, the offense had independent relevance because it involved illegal behavior while Appellant was under the influence of alcohol and the offense for which he was being sentenced was an alcohol related offense. Moreover, given that the presentation of evidence of the extraneous offense by both the State and Appellant required only five pages of the ninety-four page transcript, we cannot say it required a disproportionate amount of time to present. Appellant's single issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

---

[3]The Amarillo Court of Appeals case cited by Appellant is inapposite because the extraneous offense of indecency with a child was determined to be erroneously admitted during the *guilt/innocence* phase of a criminal proceeding, not during the punishment phase. *See Bjorgaard v. State,* 220 S.W.3d 555, 560-61 (Tex.App.—Amarillo 2007, pet. denied).