**Johnnie Lee ANDERSON, Jr., Appellant,**

**v.**

**The STATE of Texas.**

**No. 2–93–451–CR.**

Court of Appeals of Texas, Fort Worth.

March 8, 1995.

Thomas L.G. Ross, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Betty Marshall and Charles M. Mallin, Asst. Chiefs of Appellate Section, Anne Box, Mickey Klein, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Before CAYCE, C.J., LIVINGSTON, J., and PATRICE M. BARRON (Former Justice) (Sitting by Assignment).

## OPINION

PATRICE M. BARRON, Former Justice.

Appellant, Johnnie Lee Anderson, Jr., was convicted by a jury of the offense of aggra-

vated sexual assault. *See* TEX.PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon 1994). The jury assessed punishment at ninety-nine years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In one point of error, appellant contends the trial court erred in admitting evidence of a prior extraneous offense. Because appellant offered testimony that he was a "suitable" candidate for probation, the door was opened to the admission of the prior extraneous offense evidence. Accordingly, we overrule appellant's sole point of error and affirm the judgment of the trial court.

In May of 1990, P.R., a sixteen-year-old borderline mental retardate, entered the Lena Pope Home—a facility for emotionally disturbed children in Fort Worth, Texas. In August of 1990, P.R. and a friend, K.R., ran away from the Home. The girls walked to a nearby convenience store where they met appellant and another man. The men befriended the girls and offered to drive them to K.R.'s friend's house. When the girls got in the car, however, they were taken instead to appellant's apartment and were brutally raped for hours at gun-point. During the ordeal, appellant threatened to kill the girls and put their bodies in the lake.

Later, the girls were ordered to dress and get back into the car. When appellant stopped the car for gas, he told P.R. to go into the store to pay. Once inside the store, P.R. informed a police officer about the rapes. Appellant and his accomplice then fled the scene. The police immediately took the girls to a hospital, where each was examined. The medical evidence was consistent with traumatic sex. Appellant was subsequently indicted and convicted of aggravated sexual assault.

■ In his sole point of error, appellant contends that the trial court erred in admitting evidence of a prior extraneous offense. In reviewing a trial court's decision regarding the admissibility of evidence of an extraneous matter, an appellate court must measure the trial court's ruling under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh'g).

During the punishment phase of trial, appellant offered the testimony of a Reverend R.L. Taylor, who had known appellant nearly all of his life. Based on his personal knowledge and contact with appellant, Reverend Taylor opined that appellant would be a good candidate for probation. Reverend Taylor was then confronted with "have you heard" questions about appellant's prior brushes with the law. In response, Reverend Taylor stated that he was not concerned about appellant's prior misconduct because he believed appellant had turned his life around and thus would be a good candidate for probation "in the future."

In rebuttal, Birdie Lundsford testified for the State that on April 6, 1991, when she was thirteen-years-old, appellant exposed himself and masturbated in front of her and her two-year-old nephew in a public park. Appellant argues the trial court erred in admitting Lundsford's testimony on the grounds that it constitutes inadmissable extraneous offense evidence under TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a).[1] *See Grunsfeld v. State*, 843 S.W.2d 521 (Tex.Crim.App.1992). We disagree.

■ By offering Reverend Taylor's testimony that appellant was a "good candidate" for probation, appellant "opened the door" to rebuttal evidence about the specific bad act of indecent exposure. *McMillian v. State*, 865 S.W.2d 459, 460 (Tex.Crim.App.1993); *Grunsfeld*, 843 S.W.2d at 526 n. 12; *Ortiz v. State*, 834 S.W.2d 343, 344–46 (Tex.Crim.App. 1992); *Griffin v. State*, 787 S.W.2d 63, 67 (Tex.Crim.App.1990); *Murphy v. State*, 777 S.W.2d 44, 67–68 (Tex.Crim.App.1988). In other words, by tendering evidence of his "suitability" for probation, appellant in effect consented to the admission of specific acts of conduct to inform the jury's discretion in deciding what punishment to assess. *Griffin*, 787 S.W.2d at 67. *See also Kuczaj v.*

---

1. Act approved June 15, 1989, 71st Leg., R.S., ch. 785, § 4.04, 1989 Tex.Gen.Laws 3471, 3492, *amended by* Act approved June 19, 1993, 73rd Leg., R.S., ch. 900, § 5.05, 1993 Tex.Gen.Laws 3586, 3759 (current version at TEX.CODE CRIM. PROC.ANN. art. 37.07, § 3(a) (Vernon Supp.1995)).

**580**

State, 848 S.W.2d 284, 291 (Tex.App.—Fort Worth 1993, no pet.).

Alternatively, appellant argues that even if the door was opened to the admission of extraneous offense evidence, the State exceeded any such invitation. Relying on *Griffin*, appellant posits that extraneous offense testimony must be restricted by the nature of the invitation. *Griffin*, 787 S.W.2d at 67. Appellant notes that in *Griffin*, the State was only allowed to offer testimony logically rebutting the defense witness' suggestion that the accused had no prior criminal record, and thus was a good candidate for probation. In the instant case, appellant argues that Reverend Taylor's testimony was limited to matters within his personal knowledge, and that the appellant's suitability for probation "in the future" as well as the admission of extraneous offense evidence should have likewise been limited to these topics.

■ Assuming *arguendo* that the State was restricted to rebuttal of Reverend Taylor's specific assertions, the indecent exposure witnessed by Lundsford falls within such a restrictive approach, since Reverend Taylor's specific suggestions were that appellant "had turned his life around" and would be a good candidate for probation "in the future." Lundsford's testimony was logically relevant to rebut Reverend Taylor's assertion that appellant had reformed and could, in the future, conform to societal norms, since the aggravated assault with which appellant was charged occurred in August of 1990 and the extraneous offense occurred in April of 1991. Testimony about continuing post-offense sexual deviance directly rebutted Reverend Taylor's suggestion that appellant had reformed, could refrain from deviant conduct "in the future," and was suitable for probation "in the future."

■ Appellant argues that Reverend Taylor's testimony likewise should have been restricted to matters within his personal knowledge and, if he had not known of the act, whether being so advised changed his opinion in any way. Merely because a witness might testify that his personal opinion would not be altered by such evidence should not unduly restrict the prosecution. Once the door is opened regarding suitability for probation, the State may inquire into any bad acts relevant to deciding appellant's suitability. *McMillian*, 865 S.W.2d at 460; *Grunsfeld*, 843 S.W.2d at 526 n. 12; *Murphy*, 777 S.W.2d at 67; *Kuczaj*, 848 S.W.2d at 291. Therefore, the trial court did not abuse its discretion in admitting Lundsford's testimony. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.