
NO. 2-05-111-CR

FRANCIS WILLIAM STRINGER                               APPELLANT

V.

THE STATE OF TEXAS                                           STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## OPINION ON REMAND

------------

### I.  INTRODUCTION

The primary issue we address in this appeal is whether Appellant Francis William Stringer forfeited his Confrontation Clause objection to the "Adult Felony History" portion of his presentence investigation report (PSI). Because Stringer placed his criminal history at issue and accepted the benefits of the order requiring a PSI, Stringer has forfeited or is estopped from asserting a

Confrontation Clause objection to the Adult Felony History portion of his PSI. We affirm the trial court's judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Stringer pleaded guilty to a felony and filed an application for probation. At a January 27, 2005 plea hearing, the trial court accepted Stringer's guilty plea and ordered the preparation of a PSI. No record of the plea hearing exists. Stringer's punishment hearing was convened on March 30, 2005, after the trial court received the PSI. At the punishment hearing, Stringer's counsel specifically objected that the four paragraphs of the PSI titled, "Adult Felony History," violated Stringer's Confrontation Clause Rights.[1] The trial court overruled Stringer's objection. The State did not present any evidence, and Stringer did not present any evidence.

Based on the information contained in the PSI, Stringer argued that the trial court should grant him probation. Specifically, Stringer argued:

---

[1]Appellant's exact objection to the PSI was that

[p]age 11 under the heading of "Adult Felony History", that - - the four paragraphs under that heading, Your Honor, I would object to it being considered because of the Crawford versus Washington. It violates our right of confrontation and cross-examination because it's a pending unadjudicated offense out of Dallas County, and the reporter, the PSI officer, is bringing evidence of accusations based upon a case in Dallas, and we would object . . . .

2

First, as the clerk's record reflects, Mr. Stringer is eligible for probation. He's sworn before the Court that he's never been convicted of a felony.

. . . .

I would point out that in the presentence investigation, at one time several years ago he completed a year probation for misdemeanor theft. He has shown that he can accomplish things that are positive. His education history, he's got two degrees, plus 30 hours towards a Master's degree. . . . His employment history shows there that he's had - - at least the five jobs shown there, he's always been a computer programmer . . . .

At the conclusion of the hearing, the trial court sentenced Stringer to nine years' confinement.

In a single point, Stringer complained that the trial court erred during the punishment phase by overruling his Confrontation Clause objection to the Adult Felony History section of his PSI. On original submission, following precedent from our court, we agreed with the State that Stringer had waived his objection to the PSI by signing a specific written admonishment.[2] *See Stringer v. State*,

---

[2]The admonishment we relied upon provided:

Joined by my attorney and in accordance with Art. 1.13 and 1.15 of the Code of Criminal Procedure, I waive and give up my right to a jury, both as to my guilt and assessment of my punishment. Under Art. 1.15, Code of Criminal Procedure, I waive and give up the right to appearance, confrontation, and cross-examination of the witnesses, and I consent to oral and written stipulations of evidence.

3

196 S.W.3d 249, 251–52 (Tex. App.—Fort Worth 2006) (citing *Rosalez v. State*, 190 S.W.3d 770, 773 (Tex. App.—Fort Worth 2006, no pet.)), *rev'd*, 241 S.W.3d 52 (Tex. Crim. App. 2007); *see also Hamlin v. State*, Nos. 02-04-00240-CR, 02-04-00241-CR, 02-04-00242-CR, 2005 WL 3436523, at *1 (Tex. App.—Fort Worth Dec. 15, 2005, no pet.) (mem. op., not designated for publication) (holding appellant waived his right to object to a PSI by signing admonishment like the one here). The court of criminal appeals held that the written waiver applied only to guilt-innocence, not to punishment, reversed our judgment, and remanded the case to us to first consider the other waiver grounds asserted by the State. *Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2007). We do so now.

### III. FORFEITURE OF CONFRONTATION CLAUSE OBJECTION TO CRIMINAL HISTORY IN PSI

#### A. Waiver, Invited Error, and Acceptance of Benefits Doctrine

The doctrine of invited error is properly thought of, not as a species of waiver, but as estoppel. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1102 (2000). Waiver might usefully be distinguished from what is sometimes called "invited error." *Id.* As the court in *Prystash* stated,

> If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error. This is not really a waiver of error previously committed. Rather, it is part of the

4

definition of what can constitute error, and quite reasonably defines error of which a party may complain as excluding those actions of the trial court actually sought by the party in that tribunal.

*Id*. (quoting George E. Dix & Robert O. Dawson, 43 *Texas Practice–Criminal Practice and Procedure* § 42.141 (Supp. 1999) (footnote omitted)).[3] Another variant of estoppel is "estoppel by judgment." That concept applies to estop "[o]ne who accepts the benefits of a judgment, decree, or judicial order" from denying "the validity or propriety thereof, or of any part thereof, on any grounds; nor can he reject its burdensome consequences." *Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007).

## B. Statutory PSI Scheme

The statutory PSI scheme provides that "[e]xcept as provided by Subsection (g) of this section, before the imposition of sentence by a judge in a felony case, . . . the judge *shall direct a supervision officer to report to the judge in writing*." Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2008) (emphasis added). The statute also provides that the PSI is to include the "circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the

---

[3]Other cases applying the invited error doctrine include *McCray v. State*, 861 S.W.2d 405, 409 (Tex. App.—Dallas 1993, no pet.); *Mann v. State*, 850 S.W.2d 740, 742 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *Ex parte Hargett*, 827 S.W.2d 606, 607–08 (Tex. App.—Austin 1992, pet. ref'd).

offense, [and] *the criminal* and social *history of the defendant*." *Id*. (emphasis added). Thus, when a defendant files an application for probation and requests the trial court to assess punishment in a felony case, a trial court "***shall***" direct the preparation of a PSI. *Id*.; *Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005); *Whitelaw v. State*, 29 S.W.3d 129, 131–32 n.13 (Tex. Crim. App. 2000). And the PSI shall report "in writing on . . . the criminal . . . history of the defendant." Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a). Nonetheless, a defendant may waive a PSI. *See Griffith*, 166 S.W.3d at 263 (dealing with an express waiver of PSI); *Summers v. State*, 942 S.W.2d 695, 696–97 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (dealing with an implied waiver via the defendant's failure to object to the absence of a PSI).

The PSI was originally intended only to facilitate a trial court's decision on the issue of probation. *See Smith v. State*, 227 S.W.3d 753, 761 (Tex. Crim. App. 2007). The court of criminal appeals has repeatedly held that a trial court should use the PSI to determine whether the person convicted is entitled to probation. *See id.* at 761 n.21 (citing *McNeese v. State*, 468 S.W.2d 800, 801 (Tex. Crim. App. 1971) (trial court should "use the probation officer's report and take into consideration all of the pertinent information to more intelligently determine if the person convicted is entitled to probation"); *Valdez v. State*, 491 S.W.2d 415, 417 (Tex. Crim. App. 1973) (same); *Clay v. State*,

6

518 S.W.2d 550, 555 (Tex. Crim. App. 1975) (same)); *see also Anderson v. State*, 896 S.W.2d 578, 580 (Tex. App.—Fort Worth 1995, pet. ref'd) (recognizing that "[o]nce the door is opened regarding suitability for probation, the State may inquire into any bad acts relevant to deciding appellant's suitability). Because the PSI was originally to be used in this context—for a probation determination—the court of criminal appeals was not concerned that the PSI "might contain what would be, at a formal punishment hearing, patently objectionable as rank hearsay or evidence of an unadjudicated extraneous offense (such as a pending indictment or an arrest record)." *Smith*, 227 S.W.3d at 761.

Subsequently, the legislature amended article 37.07, section 3(d) of the code of criminal procedure to permit the trial court to order and to consider a PSI in determining the punishment to be assessed. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon Supp. 2008); *Smith*, 227 S.W.3d at 761–62 (citing *Ellison v. State*, 201 S.W.3d 714, 722 (Tex. Crim. App. 2006)). This statutory authorization of use of a PSI to assess punishment conceptually brought PSIs out of the unique for-use-in-a-determination-of-probation-only category of quasi-evidence that they had arguably previously occupied to within the realm of general punishment-phase evidence. *See Smith*, 227 S.W.3d at 761–63. Defendants consequently began asserting general evidentiary

7

objections to PSIs; but courts, recognizing the discreet statutory scheme and purpose of PSIs, rejected all of these objections. *See, e.g., id.* at 763 (holding that a trial court, as a sentencing entity, may consider extraneous misconduct set forth in PSI over defendant's objection that "the extraneous misconduct has not been shown to have been committed by the defendant beyond a reasonable doubt" as required by the code of criminal procedure); *Fryer v. State*, 68 S.W.3d 628, 630–32 (Tex. Crim. App. 2002) (holding that trial court, as sentencing entity, may consider portion of PSI containing victim impact statement over defendant's objection that code of criminal procedure authorizes consideration of victim impact statement only after punishment has been assessed); *Brooks v. State*, 76 S.W.3d 426, 435 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (holding that trial court, as sentencing entity, may consider extraneous misconduct set forth in PSI over defendant's objection that State did not give him timely notice of its intent to introduce such misconduct as required by the code of criminal procedure).

That brings us to the objection asserted here: that the Adult Felony History of Stringer's PSI violated his Confrontation Clause rights.

### C.  All Negative Statements in PSI are "Testimonial"

*Crawford v. Washington*, while declining to explicitly define "testimonial," explained that

> [the Confrontation Clause] applies to "witnesses" against the accused—in other words, those who "bear testimony." "Testimony," in turn, is typically "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." An accuser who makes a formal statement to government officers bears testimony . . . .

541 U.S. 36, 51, 124 S. Ct. 1354, 1364 (2004) (citations omitted). Cases after *Crawford* have further developed the law concerning the types of out-of-court statements that are testimonial. *See, e.g., Davis v. Washington*, 547 U.S. 813, 821–24, 126 S. Ct. 2266, 2273–74 (2006) (distinguishing street-corner "nontestimonial" statements to law enforcement officers from litigation-oriented "testimonial" statements and recognizing that police interrogation statements relating to past events relevant to a criminal prosecution are "testimonial statements" for purposes of the Confrontation Clause, in part because of their adversarial nature and, in part, because the reasonable declarant would recognize that the statements could be used in a future criminal prosecution); *Wall v. State*, 184 S.W.3d 730, 742–43 (Tex. Crim. App. 2006) (explaining that "whether a statement is testimonial under *Crawford* is determined by the standard of an objectively reasonable declarant standing in the shoes of the actual declarant"); *Brooks v. State*, 132 S.W.3d 702, 707 (Tex. App.—Dallas 2004, pet. ref'd) (holding that when the police are engaged in the competitive enterprise of detecting crime, investigating crime,

and gathering evidence for criminal prosecution, statements gathered during their interrogations are testimonial "as a matter of law"); *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004) (stating that the decisive inquiry under a Confrontation Clause objection to hearsay is "whether a reasonable person in the declarant's position would anticipate his statement being used against the accused in investigating and prosecuting the crime").

Virtually all statements in a PSI that reflect negatively on the defendant will constitute "testimonial" statements for Confrontation Clause purposes. They are gathered by a state employee, a supervision officer. Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a). They are for the express purpose of use in a probation or sentencing determination concerning the defendant. *Id*. art. 37.07, § 3(d). They are not street-corner "nontestimonial" statements but instead are statements that a reasonable declarant would recognize, or would have been expressly told, were for use in a probation or sentencing decision concerning the defendant. *See, e.g., Davis*, 547 U.S. at 821–24, 126 S. Ct. at 2273–74. Conversely, statements in the PSI that the defendant deems positive to him would be nontestimonial because the statement would not be "against" the defendant. *See Crawford*, 541 U.S. at 51, 124 S. Ct. at 1364 (recognizing that [the Confrontation Clause] applies to witnesses *against* the accused).

10

The State in the present case concedes that the statements and information set forth in the Adult Felony History portion of Stringer's PSI are "testimonial" for purposes of a Confrontation Clause analysis.

### D. Application of Law to Facts

We note at the outset that neither party offered Stringer's PSI into evidence. The code of criminal procedure does not require that the PSI be introduced into evidence. *See* George E. Dix & Robert O. Dawson, 43 *Texas Practice–Criminal Practice and Procedure* § 38.172. It simply provides that a trial court may "inspect a report" or may "consider" a report. *See* Tex. Code Crim. Proc. Ann. arts. 42.12, § 9(c) (inspect), 37.07, § 3(d) (consider). Thus, technically no "evidence" or "testimony" was offered into evidence to which Stringer could have lodged a Confrontation Clause objection. Indeed, as set forth above, Stringer's exact objection was to the Adult Felony History "*being considered*," not to the admission into evidence of the PSI or any portion of the PSI. The Sixth Amendment and the rule enunciated in *Crawford* apply only to attempts to admit testimony and evidence. *See* U.S. Const. amend. VI (providing that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him"); *Crawford*, 541 U.S. at 51, 124 S. Ct. at 1364 (addressing *admissibility* of wife's out-of-court, tape-recorded statement to police). We question how a defendant's Confrontation

11

Clause rights may be violated by statements in a document that is not admitted into evidence.

Nonetheless, the record before us establishes that the trial court did in fact consider the PSI. Nothing else exists in the record that could have been considered in the trial court's probation and sentencing decision. And Stringer urged the trial court to consider the PSI, except for the Adult Felony History portion. The failure of any party to actually offer the PSI into evidence is not fatal. *See Smith*, 227 S.W.3d at 757 (addressing objection to PSI although it was never offered into evidence); *Amador v. State*, 221 S.W.3d 666, 673–74 (Tex. Crim. App. 2007). The fact that the PSI was not offered or admitted into evidence, and by statute was not required to be offered or admitted into evidence, is however demonstrative of the difficulties in superimposing Confrontation Clause objections on information required to be in a PSI.

To prohibit a judge from considering any portions of a PSI to which a defendant asserts a Confrontation Clause objection would obliterate the statutory PSI purposes and procedure. The statutory provisions require a judge's consideration of a defendant's entire "criminal and social history"—i.e., the good and the bad aspects of the defendant's criminal and social history. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a). But Confrontation Clause objections to negative criminal and social history statements and information

12

in a PSI would limit a judge to considering only the positive statements on these matters that are in a PSI. Thus, the fundamental and original purpose of a PSI—to provide a judge contemplating probation for a defendant with accurate information on factors relevant to a grant of probation—would be fatally undermined. *See, e.g., Walker v. State*, 493 S.W.2d 239, 240 (Tex. Crim. App. 1973) (explaining that "[i]t makes a great deal of sense that the judge should have before him a thorough report of the accused's past record and background, when considering his motion for probation. The very purpose of granting probation is to release a convicted defendant who shows himself capable of adhering to certain conditions"). Otherwise, a judge would be left with only un-Confrontation-Clause-objected-to information that was favorable to the defendant in making the important decision of whether to grant probation.

In other circumstances where the PSI statutory scheme has conflicted with the rules of evidence or with other statutory provisions—although not a constitutional right, as here—courts have implicitly recognized the unique status of PSIs. *See, e.g., Smith*, 227 S.W.3d at 761–63 (stating that extraneous offense in PSI need not be proved beyond a reasonable doubt); *Fryer,* 68 S.W.3d at 630–32 (reiterating that rules of evidence do not apply to contents of PSI and holding that victim impact statement may be contained in PSI and

13

considered before sentencing); *Brooks*, 76 S.W.3d at 435 (stating that notice of extraneous offense need not be given for information only in PSI). Thus, we come to the question before us: whether a defendant who pleads guilty to a felony, files a sworn application for probation and thereby triggers the statutory necessity for a PSI, acquiesces in a recess for preparation of a PSI, and urges a trial court to consider the PSI and to grant probation has forfeited any Confrontation Clause objections to a required portion of the PSI—the defendant's criminal history.[4] In its second waiver argument, the State makes this argument. The State points out that a defendant's ability to assert Confrontation Clause objections to particular portions of a PSI "will allow defendants to manipulate the sentencing system. . . . A defendant should not be able to pick and choose on confrontation grounds" which items in the PSI are considered by the trial court. According to the State, the defendant may either object to the entire report or may not object at all.

The State analogizes Stringer's Confrontation Clause objection to the Adult Criminal History portion of his PSI to a defendant who takes the stand

---

[4]The trial court may also request that "other information relating to the defendant or the offense" be included in the PSI. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a). The issue before us, however, is limited to forfeiture of a Confrontation Clause objection to information statutorily required to be contained in the PSI, here, criminal history.

and testifies at punishment but seeks to avoid cross-examination in whole or part. The State quotes *Mitchell v. United States*:

> The justifications for the rule of waiver in the testimonial context are evident: A witness may not pick and choose what aspects of a particular subject to discuss without casting doubt on the trustworthiness of the statements and diminishing the integrity of the factual inquiry. As noted in *Rogers*, a contrary rule "would open the way to distortion of facts by permitting a witness to select any stopping place in the testimony." It would, as we said in *Brown*, "make of the Fifth Amendment not only a humane safeguard against judicially coerced self-disclosure but a positive invitation to mutilate the truth a party offers to tell." The illogic of allowing a witness to offer only self-selected testimony should be obvious even to the witness, so there is no unfairness in allowing cross-examination when testimony is given without invoking the privilege.

526 U.S. 314, 322, 119 S. Ct. 1307, 1312 (1999) (citations omitted).

The State also points out that the statutory PSI scheme provides a remedy if the defendant believes that the PSI contains factual inaccuracies. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(e). The remedy is that a defendant, with the approval of the judge, may introduce testimony or other information alleging a factual inaccuracy in the investigation or in the PSI. *Id.* And, likewise, because the statute requires that a defendant receive a copy of the PSI no later than forty-eight hours before sentencing, a defendant has ample time to file a motion for continuance of the punishment hearing for the purpose of issuing subpoenas for those persons named in the PSI whom he wishes to

15

cross-examine. *See id.* art. 42.12, § 9(d). Thus, the State argues that the statutory scheme itself provides a remedy for defendants like Stringer.

The facts of this case do not fall squarely within the four corners of any of the waiver cases, the invited error cases, or the acceptance of benefits cases. But, the circumstances here seem analogous to aspects of each of these three categories of cases. Stringer pleaded guilty to a felony, filed an application for probation swearing that he had never before been convicted of a felony in Texas, and thereby triggered the trial court's mandatory statutory duty to order a PSI. *Id.* art. 42.12, § 9(a); *Griffith*, 166 S.W.3d at 263. The duty to direct the preparation of a PSI under these circumstances is mandatory, subject to certain exceptions. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (providing that "[e]xcept as provided by Subsection (g) . . . . before the imposition of sentence by a judge in a felony case, . . . the judge *shall* direct a supervision officer to report to the judge") (emphasis added); *cf. id.* art. 37.07, § 3(d) (providing that "[w]hen the judge assesses the punishment, he *may* order an investigative report") (emphasis added). The trial court, in compliance with the law, ordered a PSI; Stringer at least acquiesced in the recess of his punishment hearing for purposes of preparation of the PSI. Also, the record contains an order for psychological testing away from jail mandating a psychosexual evaluation on Stringer as part of the PSI. When Stringer's

16

punishment hearing convened, Stringer objected to the Adult Felony History of the PSI on Confrontation Clause grounds and relied upon the remaining portions of the PSI to urge the trial court to grant probation. Stringer forfeited or is estopped from asserting his Confrontation Clause objection to the Adult Criminal History portion of the PSI for three main reasons.

First, Stringer waived his right to assert a Confrontation Clause objection to the Adult Criminal History portion of his PSI by filing an application for probation swearing that he had never been convicted of a felony in Texas and by relying upon the positive information in the PSI to urge the trial court to grant probation. The language of the PSI statute requires the supervision officer to report to the judge on the criminal history of the defendant. *See id.* art. 42.12, § 9(a). By implication, the trial court is to consider the criminal history of a defendant in making a probation decision. *See, e.g.*, *Smith*, 227 S.W.3d at 761 n.21. By swearing that he had never been convicted of a felony in Texas, Stringer put his criminal history at issue. *See Anderson*, 896 S.W.2d at 580. By relying upon the positive portions of the PSI to urge the trial court to grant probation, Stringer in effect elicited testimony of specific good conduct in an attempt to show that he was suitable for probation. *See id*. A defendant should not be able to seek probation, place his criminal history at issue via a sworn pleading, rely on positive statements in the PSI and urge the trial court

17

to grant probation based on such information, yet nullify the statutory requirement that the PSI include and that the trial court consider his criminal history by asserting a Confrontation Clause objection. *Accord Mitchell*, 526 U.S. at 322–23, 119 S. Ct. at 1312 (recognizing defendant waives Fifth Amendment privilege at punishment as to the matters he himself has put in dispute by testifying). Otherwise, the result would be that a judge is prevented from considering the very information in the PSI that the statute implies the judge should consider in making a probation decision.

As the Supreme Court explained in *Mitchell*, "[t]he justifications for the rule of waiver in the testimonial context are evident:  A witness may not pick and choose what aspects of a particular subject to discuss without casting doubt on the trustworthiness of the statements and diminishing the integrity of the factual inquiry." *Id*. at 322, 119 S. Ct. at 1312.  Although *Mitchell* dealt with the waiver of a Fifth Amendment right against self-incrimination instead of a Sixth Amendment right of confrontation and the *Mitchell* court dealt with a defendant's testimony instead of with a supervision officer's "testimony" set forth in a written report, the same analysis applies.  A defendant may not use portions of a witness's testimony as a sword—here the supervision officer's presentence report—but then use a constitutional right as a shield to eliminate portions of the same witness's testimony that are unfavorable to the defendant.

18

For these reasons, by filing an application for probation swearing that he had never been convicted of a felony and by urging the trial court to grant probation based on the positive portions of the PSI, Stringer waived, or is estopped from asserting, a Confrontation Clause objection to the Adult Criminal History portion of his PSI.

Second, the facts reflect that Stringer accepted the benefits of the trial court's order requiring preparation of a PSI. A PSI was prepared, and Stringer was not required to himself develop the evidence he would need for a full, adversarial punishment hearing. This was a distinct benefit to him. He did not need to subpoena witnesses or to gather evidence. Instead, he relied upon the positive hearsay information in the PSI to urge the trial court to grant probation. He specifically relied upon the result of the PSI's ordered psychosexual testing, arguing that "he show[ed] potentially positive responses to the treatment in some respects." Stringer's acceptance of the benefits of the trial court's order requiring a PSI and of the PSI itself makes these circumstances akin to the cases holding that "[o]ne who accepts the benefits of a . . . judicial order" may not deny "the validity or propriety thereof, or of any part thereof, on any grounds;  nor can he reject its burdensome consequences." *See Rhodes*, 240 S.W.3d at 891. By accepting the benefits of the order requiring a PSI, the order requiring psychosexual testing as part of the PSI, and the results of the

19

PSI, Stringer is estopped from asserting his Confrontation Clause objections to the Adult Criminal History portion of the PSI.

And finally, Stringer did not indicate that he believed the PSI contained factual inaccuracies and did not move for a continuance. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(d), (e). Stringer was entitled to comment on the PSI and to introduce, with the approval of the judge, testimony or other information alleging a factual inaccuracy in the PSI. *See id.*, art. 42.12, § 9(e). By accepting the benefits of the order requiring a PSI and the order requiring psychosexual testing as part of the PSI, Stringer's remedies concerning the information in the PSI were statutorily limited to utilizing the statutory procedure available to comment on the PSI or to correct a factual inaccuracy in the PSI. Stringer is estopped from asserting a Confrontation Clause objection to the Adult Criminal History portion of the PSI.

Our holding is limited to cases in which a defendant pleads guilty to a felony, files an application for probation, and asserts a Confrontation Clause objection to a statutorily required portion of the PSI. We need not address whether the same analysis would apply to a Confrontation Clause objection made to a PSI ordered under article 37.07, section 3(d). *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(d). We need not address whether the same analysis would apply to a Confrontation Clause objection made to a nonstatutorily

20

required portion of the PSI. We need not address whether the same analysis would apply to a Confrontation Clause objection to the entire PSI. We need not address whether the Confrontation Clause applies at the punishment phase of trial.[5] And finally, we need not address—as the dissent implies—the constitutionality of the PSI statute; no constitutional challenge to the statute was raised in the trial court or on appeal. We simply hold, based on the facts before us and for the reasons set forth above, that Stringer forfeited his Confrontation Clause objection to the Adult Criminal History portion of his PSI. We overrule Stringer's sole issue.

---

[5]Numerous federal courts, even after *Crawford*, have held that it does not. *See, e.g., United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005), *cert. denied*, 127 S. Ct. 129 (2006); *United States v. Chau*, 426 F.3d 1318, 1322–23 (11th Cir. 2005); *United States v. Monteiro*, 417 F.3d 208, 215 (1st Cir. 2005), *cert. denied*, 546 U.S. 1202 (2006); *United States v. Roche*, 415 F.3d 614, 618 (7th Cir.), *cert. denied*, 546 U.S. 1024 (2005); *United States v. Luciano*, 414 F.3d 174, 179 (1st Cir. 2005); *United States v. Fleck*, 413 F.3d 883, 894 (8th Cir. 2005). The Texas Court of Criminal Appeals has not directly decided the issue.

## IV. CONCLUSION

Having overruled Stringer's sole issue, we affirm the trial court's judgment.

SUE WALKER<br>
JUSTICE

PANEL: DAUPHINOT, HOLMAN, and WALKER, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED: October 23, 2008

22


NO. 2-05-111-CR

FRANCIS WILLIAM STRINGER                                    APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## DISSENTING OPINION ON REMAND

------------

The majority opinion correctly points out that the presentence investigation report (PSI) statute is in direct conflict with the Constitution of the United States.[6] By statute, a PSI is an ex parte communication providing hearsay evidence to the trial court, denying a defendant the right to confront

---

[6]Majority op. at 12–13.

witnesses against him in open court.[7]  As the majority provides, requiring the trial court to comply with the Confrontation Clause before considering the PSI would "obliterate the statutory PSI purposes and procedure."[8]

The PSI statute not only violates the Confrontation Clause; its ex parte nature undermines our system of public trials.  Nothing in our law prevents the State's offering a PSI into evidence through a sponsoring witness.  Nothing prevents the State's offering a defendant's criminal history through a sponsoring witness.  A jury assessing punishment does not require a PSI.  A jury hears witnesses and examines evidence in open court to determine the appropriate sentence.

In a jury trial, a jury must be instructed that they may not consider extraneous offenses or acts of misconduct unless they believe beyond a reasonable doubt that the defendant committed those acts and offenses.[9]  The State, then, bears a burden of proof beyond a reasonable doubt when it seeks to prove extraneous offenses at the punishment phase of a jury trial.[10]  The

---

[7]See Tex. Code Crim. Proc. Ann. arts. 37.07, § 3(d), 42.12, § 9 (Vernon Supp. 2008).

[8]Majority op. at 12.

[9]Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000).

[10]See Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2008).

24

State is not relieved of its burden of proof merely because the trial judge assesses punishment.

Additionally, the protections of the Confrontation Clause apply to the punishment phase of trial.[11]  In addressing reports admitted at the punishment phase, the Texas Court of Criminal Appeals held in *Russeau v. State*,

> The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  This procedural guarantee is applicable in both federal and state prosecutions and bars the admission of testimonial statements of a witness who does not appear at trial unless he is unavailable to testify *and* the defendant had a prior opportunity to cross-examine him.  Generally speaking, a statement is "testimonial" if it is a solemn declaration made for the purpose of establishing some fact.
>
> The reports in question contained testimonial statements which were inadmissible under the Confrontation Clause, because the State did not show that the declarants were unavailable to testify and appellant never had an opportunity to cross-examine any of them.  Indeed, the statements in the reports amounted to unsworn, *ex parte* affidavits of government employees and were the very type of evidence the Clause was intended to prohibit.  The trial court erred in admitting those portions of the reports that contained the testimonial statements.[12]

Similarly, in the case now before this court, the statements in the PSI were clearly testimonial.  The State did not show that the declarants were

---

[11]*See Russeau v. State*, 171 S.W.3d 871, 880–81 (Tex. Crim. App. 2005), *cert*. *denied*, 548 U.S. 926 (2006).

[12]*Id.* (citations omitted).

unavailable to testify, and Appellant never had an opportunity to cross-examine any of them. Appellant preserved his confrontation objection in the trial court. The portion of the PSI accusing Appellant of extraneous acts of misconduct was properly objected to, and the trial court should have sustained Appellant's objections.

The majority suggests that Appellant could have subpoenaed the witnesses with personal knowledge of the hearsay contained in the PSI in order to invoke his confrontation rights.[13] In the context of article 38.071 of the code of criminal procedure, which governs the admission of out of court statements of a child complainant in certain circumstances,[14] the Texas Court of Criminal Appeals has discussed this approach much more eloquently than I can:

> Due process does not lend itself to simple, concise definitions. In its most basic sense due process is the impediment that is constitutionally imposed on governmental conduct that offends our fundamental rights. Relative to the protection of one's liberty: "[t]he essential guarantee of the due process clauses is that the government may not imprison or otherwise physically restrain a person except in accordance with fair procedures." In other words, due process is in itself essentially the same as fairness. Or, at the very least, due process is the vehicle used to arrive at fairness thereby protecting our fundamental rights.

---

[13]Majority op. at 15–16.

[14]Tex. Code Crim. Proc. Ann. art. 38.071 (Vernon Supp. 2008).

26

Accordingly, "a fair trial in a fair tribunal is a basic requirement of due process." If legislation alters the essential fairness of a trial then a due process violation is necessarily implicated. In *Estelle v. Williams*, it was specifically stated that "[t]he right to a fair trial is a fundamental liberty secured by the Fourteenth Amendment." . . .

. . . .

The opinion continues with guidelines for determining whether a particular procedure diminishes fairness and is thus violative of due process. The court commented:

But this Court has left no doubt that the probability of deleterious effects on fundamental rights calls for close scrutiny . . . . Courts must do the best they can to evaluate the likely effects of a particular procedure, based on reason, principle, and common human experience.

Consequently, in a criminal prosecution, when viewing legislatively authorized procedures that could be detrimental to one's fundamental rights, i.e., "a fair trial in a fair tribunal . . . ," the legislation must be closely scrutinized. Such an examination must be "based on reason, principle, and common human experience."

Scrutinizing Art. 38.071, § 2, and applying the predicates of consideration as suggested in *Estelle v. Williams*, it is evident that on its face Art. 38.071, § 2 imposes upon the defendant a constitutionally unacceptable burden. The courts of this state and country have never had to confront and review a trial procedure that requires the defendant to call as a witness his accuser if he wants to question the witness. Doing so places the defendant in the proverbial Catch-22: call the complainant and be able to question the witness; or alternatively, decline to do so and thereby waive the opportunity to cross-examine the witness. Either way the defendant is placed at a distinct and undue disadvantage. Conversely, the prosecution is placed in the unique and substantially advantageous position of being able to in essence

27

present its evidence, then wait for the defendant to call the complainant, thereby allowing the State to repeat the videotaped statement. Or, by not calling the witness fail to controvert the videotape statement. . . .

"[R]eason, principle, and common human experience" dictate that a jury will respond negatively to a defendant compelling a child witness to testify after they have already seen the videotape of the child's allegations. The possible, if not probable, reaction of the jury to a trial incident of this nature would be unduly prejudicial to the defendant. Prejudice, to this extent, will create a risk that the entire proceedings were fundamentally unfair. A risk of this nature does not comport with the concept of due process.

In *Lee v. Illinois*, the Supreme Court was concerned with both due process and confrontation violations by an infringement upon the right of confrontation when a non-testifying co-defendant's confession was admitted into evidence and considered as substantive evidence of the defendant's guilt. Noting initially the historical unanimity of the court in its commitment to the defendant's right of confrontation and cross-examination, the Court recognized the overlapping due process issue when it observed that the right of confrontation and cross-examination " 'is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal.' "

The Court continues and pertinently states:

On one level, the right to confront and cross-examine adverse witnesses contributes to the establishment of a system of criminal justice in which the perception as well as the reality of fairness prevails. To foster such a system, the Constitution provides certain safeguards to promote to the greatest possible degree society's interest in having the accused and the accuser engage in an open and even contest in a public trial.

28

Under Art. 38.071 § 2, the essential state's witness, the complainant, will be what due process and the confrontation clause endeavor to prevent: "unseen" and "unchallengeable" witnesses. Unless, of course the defendant takes the step of calling to testify the essential prosecution witnesses []. Nowhere and at no time in Anglo-American jurisprudence has an accused ever been required to call as a witness the accuser in order to enjoy the fundamental right of cross-examination. That is, until Art. 38.071 § 2. It is an illogical as well as unconstitutional scheme to place a defendant, who, again must be presumed innocent in the untenable position of either requiring the child to testify and thereby run the very real risk of incurring the wrath of the jury or forgo the right to invoke "'the greatest legal engine ever invented for the discovery of truth.'"[15]

Even though *Long* discusses the right of confrontation at the guilt phase of trial, *Rousseau* makes clear that the right of confrontation applies equally at punishment, and therefore *Long*'s lessons also equally apply to the punishment phase of Appellant's trial for the offense of possessing child pornography. The trial court as fact finder is, like a jury, also capable of an emotional reaction.

The majority also finds waiver, forfeiture, or estoppel.[16] The majority has established a new rule: when a defendant files an application for community supervision, he waives or forfeits his right to assert a Confrontation Clause objection to the PSI or is estopped from asserting it. That is, a defendant must

---

[15]*Long v. State*, 742 S.W.2d 302, 320–21 (Tex. Crim. App. 1987) (citations omitted), 485 U.S. 993 (1988), *overruled on other grounds*, *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990).

[16]*See* majority op. at 16–20, 21.

29

trade his right to confrontation of witnesses against him for his right to apply for community supervision. Nowhere in our jurisprudence is there any suggestion that a person requesting community supervision must give up his constitutional right to a fair trial. This is the very issue addressed in *Carroll v. State*.[17] Carroll had filed an application for community supervision. The trial judge said that he would be hard pressed to give her probation if she did not give up her right to remain silent by testifying in the punishment phase of the bench trial. The Texas Court of Criminal Appeals held that Carroll's "guilty plea to the offense charged did not waive her right against self-incrimination as to sentencing."[18] The Texas Court of Criminal Appeals relied on the U.S. Supreme Court's holding in *Mitchell v. United States* that the right against self-incrimination does not disappear with an adjudication of guilt because "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony."[19] Analogously, an appellant's right to confront witnesses against him does not disappear with an application for community supervision because until sentence is imposed, he

---

[17] *Carroll v. State* (*Carroll V*), 42 S.W.3d 129 (Tex. Crim. App. 2001).

[18] *Id.* at 132.

[19] 526 U.S. 314, 326, 119 S. Ct. 1307, 1314 (1999).

too may have a legitimate fear of unfavorable information submitted for the fact finder's consideration.

The majority also found that Appellant waived or forfeited his right of confrontation or was estopped from asserting it because he accepted the benefits of the favorable portions of the PSI.[20] A defendant is not required to abandon his objections to inadmissible evidence because he does not object to the admissible portions of the evidence. That is, a Confrontation Clause objection lies only when the evidence is unfavorable, not when it is favorable.

The majority further holds that because Appellant accepted the benefits of the order requiring a PSI and the order requiring psychosexual testing as part of the PSI, he was estopped from asserting a Confrontation Clause objection and limited to the statutory remedy of objecting to factual inaccuracies. Essentially, the majority holds that the constitutional right to due process as expressed in the Confrontation Clause must bow to the PSI statute.

To summarize the majority's new rule: When a defendant in a criminal case pleads guilty and applies for community supervision from the judge, he gives up his constitutional due process rights to confront and cross-examine the witnesses against him, his right to have the evidence against him presented

---

[20]*See* majority op. at 19.

31

under oath, his right to challenge the admissibility of the evidence against him, and his right to have the evidence against him presented in open court. Essentially, the majority holds that when the PSI statute conflicts with the Constitution, the statute prevails over the Constitution. I cannot agree.

The trial court erred by denying Appellant his constitutional rights to confront and cross-examine witnesses accusing him of crimes. Additionally, the State emphasized the extraneous acts of misconduct in its closing argument to the trial court, harming Appellant. Because the majority holds that Appellant forfeited his constitutional right to due process guarantees by applying for community supervision, I must respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: October 23, 2008

32