IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1569-08






FRANCIS WILLIAM STRINGER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY






 Meyers, J., delivered the opinion of the unanimous Court.



O P I N I O N 


 Appellant was arrested for possession of child pornography. He entered an open
plea of guilty, requested that the court assess punishment, and filed an application for
probation. The trial court accepted the plea and ordered a pre-sentence investigation
(PSI) report. At the sentencing hearing, Appellant objected to parts of the PSI that
contained facts about a pending unadjudicated offense, claiming that the report violated
his Sixth Amendment right to confrontation. The trial court overruled the objection,
found him guilty, and sentenced him to nine years in prison. On appeal, Appellant
argued that the trial court erred in overruling his confrontation clause objection. The
court of appeals held that he waived the objection by signing an admonishment. We
granted Appellant's petition for discretionary review and reversed the court of appeals,
holding that the waiver applied only to the guilt phase of trial. We remanded the case to
the court of appeals to consider the other grounds for review. On remand, the court of
appeals concluded that Appellant forfeited or was estopped from raising the
Confrontation Clause objection and again affirmed the trial court. We granted this
petition for discretionary review to consider whether the trial court's consideration of the
portion of the PSI containing an unadjudicated prior offense violated Appellant's Sixth
Amendment right to confrontation. We will affirm the court of appeals.

COURT OF APPEALS

 On remand, the court of appeals determined that Appellant waived his
Confrontation Clause objection when he filed an application for probation and put his
criminal history in issue by swearing that he had never been convicted of a felony. 
Stringer v. State, 276 S.W.3d 95 (Tex. App.-Ft. Worth 2008). Appellant also used the
positive information in the PSI to urge the court to grant probation. Id. at 103. The court
of appeals ruled that a defendant should not be able to rely on the positive parts of the PSI
to show that he should receive probation and at the same time nullify the statutory
requirement that the judge consider his criminal history by asserting a Confrontation
Clause objection to the negative portions of the PSI. Id.

 According to the court of appeals, Appellant benefitted from the trial court's order
requiring preparation of a PSI in that he was able to present positive information to the
trial court without having to subpoena witnesses or gather evidence. Specifically, he
relied on the results of the psychosexual testing conducted pursuant to the PSI order to
show that he was a strong candidate for treatment. Finally, he did not indicate that the
PSI contained any factual inaccuracies. Therefore, the court concluded that Appellant
forfeited his right to assert the Confrontation Clause objection to the criminal history
portion of the PSI. Id. at 103-104. (1) 

 The dissenting opinion asserted that the PSI statute violates the Confrontation
Clause. Id. at 105. It also violates due process for the Appellant to have to call the
witness against him in order to exercise his rights to confrontation and cross-examination. 
Id. at 106. A defendant should not have to trade his right to confront witnesses against
him for his right to apply for community supervision. The dissent states that the
majority's holding improperly allows the PSI statute to prevail over the Constitution. Id.
at 108-109.

ARGUMENTS OF THE PARTIES 

 Appellant raised the following ground for review in this petition for discretionary
review: 

 Whether the court of appeals erred in deciding that because the Appellant
filed an application for probation, and relied upon the positive information
in the PSI to urge the trial court to consider probation, he forfeited or is
estopped from asserting his Sixth Amendment Confrontation Clause
objection to testimonial statements in the PSI and whether as a result of
finding the claim forfeited the Court of Appeals wrongly rejected the
argument that the Sixth Amendment Confrontation Clause was violated
when the trial court in assessing punishment considered statements
regarding an unadjudicated felony where those declarants were unavailable
for cross examination and the Appellant had no prior opportunity to
question them.

Appellant reiterates the issues raised by the dissenting opinion and argues that if the State
wants the trial court to include unadjudicated offenses in a defendant's criminal history
for purposes of determining punishment, the State should present witnesses so that the
defendant can be confronted with and cross-examine the accusers. Regarding waiver,
forfeiture, and estoppel, Appellant says that his request for community supervision did
not require him to give up his right to a fair trial. Appellant says that the court of
appeals's decision leads to the illogical conclusion that if a defendant pleads guilty,
applies for probation, and accepts the preparation of the mandatory PSI, he waived any
claim to the Sixth Amendment Confrontation Clause and thus could not question any
document or witness except to challenge a factual inaccuracy in the report. 

 Appellant cites cases stating that the Confrontation Clause applies to the
punishment phase of trial and concludes that, due to the harshness of his sentence, he was
harmed by the admission of the unadjudicated offense.

 The State argues that Appellant failed to preserve error because he did not object
when the report was ordered; he waited until he saw the contents of the report and
objected only to the unfavorable parts. Appellants cannot pick and choose what is
considered in the report by raising confrontation objections to the negative parts. The
State also contends that the Sixth Amendment Confrontation Clause does not apply to
punishment proceedings. The State cites numerous federal cases stating that Crawford
applies to only the guilt phase and has not been extended to sentencing. 

 Finally, the State argues that if the Confrontation Clause does apply to the PSI, that
any error is harmless beyond a reasonable doubt because the remaining portions of the
report overwhelmingly support the trial court's sentence.

DISCUSSION

 A PSI is used anytime a sentence is to be determined by a judge. Originally, a PSI
was used by the court only in cases in which the defendant was sentenced to probation;
however, now the report contains general punishment-phase evidence and assists the
court in determining what sentence to assess. Under Code of Criminal Procedure Article (2)
42.12 Section 9, a PSI is used in all non-capital felony cases when community supervision
is an option and the judge is assessing punishment but does not intend to follow a plea-bargain agreement under which the defendant has agreed to imprisonment. The judge
must order a PSI unless the defendant requests that one not be made and the judge agrees,
or the judge determines that there is sufficient information in the record to permit
sentencing discretion and explains his reasoning on the record. Code of Criminal
Procedure Art. 42.12 § 9 (b)(1) & (2). A PSI includes "the criminal and social history
of the defendant, and any other information relating to the defendant or the offense
requested by the judge." Art. 42.12 § 9(a). The defendant is allowed under Section 9(e)
to introduce testimony or other information alleging a factual inaccuracy in the report. 
The PSI statute is also mentioned in Article 37.07 Section 3(d), which relates to evidence
of a prior criminal record after a finding of guilty and states that, when a judge assesses
punishment, he may order a PSI. That article places no condition on the trial court in
considering the contents of the PSI.

 Here, the PSI contained information related to a prior offense, including statements
made by lay witnesses who said they had observed pornographic images on Appellant's
home computer and evidence reported by the person who examined Appellant's
computer, which indicated the number of identified victims and number of images found
on the hard drive. Appellant claims that the unadjudicated-offense information in the PSI
violated his Sixth Amendment rights to confrontation as defined in Crawford v.
Washington, 541 US 36 (2004). In Crawford, the Supreme Court held that a defendant
had a right to confront witnesses who made testimonial statements against him. The only
exception to that right is if the witness is unavailable and the defendant has had a prior
opportunity for cross-examination. Id. at 59. Crawford dealt with the guilt phase of trial,
and courts have disagreed about whether it applies to a punishment hearing after a finding
of guilt.

 In Russeau v. State, 171 S.W.3d 871, 880-81 (Tex. Crim. App. 2005), we held that
the trial court's admission of disciplinary reports in the punishment phase of a capital trial
violated the appellant's rights under the Confrontation Clause. The reports, written by
corrections officers, detailed disciplinary offenses committed by the defendant while he
was in jail. Although the reports were admitted under the business-records exception to
the hearsay rule, we determined that "the statements in the reports amounted to unsworn,
ex parte affidavits of government employees and were the very type of evidence the
Clause was intended to prohibit." Id. at 881. We reversed the appellant's death sentence
and remanded the case for a new punishment hearing. The disciplinary reports at issue in
Russeau, however, differ from the PSI in that the information in the PSI is statutorily
authorized. Russeau is also distinguishable because it was a capital case in which the jury
determined punishment.

 We have considered whether unadjudicated offenses could be included in a PSI. 
The issue in Smith v. State was that the unadjudicated offenses had not been shown
beyond a reasonable doubt to have been committed by the defendant. We concluded that: 

 The plain language of Section 3(d), on its face, continues to place no
condition on the trial court in considering the contents of a PSI. . . .We
therefore hold that Section 3(a)(1) of Article 37.07 does not prohibit a trial
court, as a sentencing entity, from considering extraneous misconduct
evidence in assessing punishment just because the extraneous misconduct
has not been shown to have been committed by the defendant beyond a
reasonable doubt, if that extraneous misconduct is contained in a PSI.

227 S.W.3d 753, 763 (Tex. Crim. App. 2007). 

 Again considering the plain language of the PSI statute, we held in Fryer v. State,
68 S.W.3d 628 (Tex. Crim. App. 2002), that a PSI could properly include the victim's
opinion regarding probation. Although Fryer allowed a trial court to consider evidence in
a PSI that could not have otherwise been introduced at punishment, that case dealt with
the Rules of Evidence and does not resolve the constitutional issue in this case. See id. at
631 (stating that the Rules of Evidence do not apply to the contents of a PSI).

 In Williams v. New York, 337 U.S. 241 (1949), the Supreme Court considered a
due-process argument similar to the Confrontation Clause issue raised here. Although
Williams was a capital case, the Court refused to draw a distinction on that basis. The
Court explained the benefits of a trial court having open access to information at
sentencing: 

 A sentencing judge, however, is not confined to the narrow issue of guilt. 
His task within fixed statutory or constitutional limits is to determine the
type and extent of punishment after the issue of guilt has been determined. 
Highly relevant-if not essential-to his selection of an appropriate sentence
is the possession of the fullest information possible concerning the
defendant's life and characteristics. And modern concepts individualizing
punishment have made it all the more necessary that a sentencing judge not
be denied an opportunity to obtain pertinent information by a requirement
of rigid adherence to restrictive rules of evidence properly applicable to the
trial.

* * *

 Under the practice of individualizing punishments, investigational
techniques have been given an important role. Probation workers making
reports of their investigations have not been trained to prosecute but to aid
offenders. Their reports have been given a high value by conscientious
judges who want to sentence persons on the best available information
rather than on guesswork and inadequate information. To deprive
sentencing judges of this kind of information would undermine modern
penological procedural policies that have been cautiously adopted
throughout the nation after careful consideration and experimentation. We
must recognize that most of the information now relied upon by judges to
guide them in the intelligent imposition of sentences would be unavailable
if information were restricted to that given in open court by witnesses
subject to cross-examination. And the modern probation report draws on
information concerning every aspect of a defendant's life. The type and
extent of this information make totally impractical if not impossible open
court testimony with cross-examination. Such a procedure could endlessly
delay criminal administration in a retrial of collateral issues.

Id. at 247, 249-50. The Fifth Circuit applied Williams's reasoning to a Confrontation
Clause argument and noted that the Seventh Circuit has held that Crawford does not
apply to a sentencing hearing:

 We conclude, however, that Williams's distinction between guilt and
sentencing proceedings and its emphasis on the sentencing authority's
access to a wide body of information in the interest of individualized
punishment is relevant to our Confrontation Clause inquiry. Included in the
notion that information influencing a sentencing decision need not be
introduced in open court is the idea that defendants have no confrontation
right at that phase and therefore that testimonial hearsay is not per se
inadmissible. Indeed, the Court referred to the rights to confront and cross-examine as 'salutary and time-tested protections' included within the due
process guarantee but available only 'where the question for consideration
is the guilt of the defendant.' [citing Williams, 337 U.S. at 245.]

* * *

 More recently, in holding that Crawford does not apply at sentencing, the
Seventh Circuit has stated that 'the relevant provision at sentencing is the
Due Process Clause, not the confrontation clause; Williams shows that
witnesses providing information to the court after guilt is established are not
accusers within the meaning of the confrontation clause.'

United States v. Fields, 483 F.3d 313, 327-28 (5th Cir. Tex. 2007) (citing United States v.
Roche, 415 F.3d 614, 618 (7th Cir.), cert. denied, 546 U.S. 1024 (2005)).

 Because the sentencing hearing in this case was identical to those conducted in
federal cases, we find such federal circuit authority to be instructive. (3)

ANALYSIS

 First, we disagree with the court of appeals that Appellant waived, forfeited, or
was estopped from asserting a Confrontation Clause objection. Appellant's request for
probation and his reliance on the positive information in the report did not prevent him
from objecting to other parts of the PSI. The issue in this case is whether the inclusion of 
an unadjudicated offense in the PSI violated Appellant's Sixth Amendment right to
confrontation. 

 As noted in the cases cited above, the purpose of a report such as the PSI used here
is to provide a wide range of information to the trial court without an adversarial hearing. 
The probation officer who prepares the report is neutral and the report is written in
anticipation of consideration by the trial judge for sentencing, not for prosecution. The
PSI "is prepared by the community supervision and corrections department and is as
likely to contain information adverse to the punishment position of the state as of the
defense." 43 Dix and Dawson, Texas Practice: Criminal Practice and Procedure
sec. 38.167 (2d ed. 2001). By statute, the Legislature has directed what is to be included
in a PSI, and the statute does not limit the criminal history to final convictions. The PSI
statute also provides the defendant the opportunity to present contrary evidence. 

 We hold that when a PSI is used in a non-capital case in which the defendant has
elected to have the judge determine sentencing, Crawford does not apply. For us to
conclude in Appellant's favor would require a trial judge to hold a mini-trial for
sentencing and would thwart the purpose of the PSI as a tool for the court to use in
determining punishment. This holding is limited to a sentencing hearing in which the
judge assesses punishment. We need not address here whether Crawford applies when a
jury determines the sentence in a non-capital case. 

CONCLUSION

 We agree with the judgment, but not the reasoning, of the court of appeals. When
the sentence is determined by the judge, the information in a PSI is not subject to the
Confrontation Clause. Therefore, Appellant's Sixth Amendment rights were not violated
by the inclusion of unadjudicated-offense information in the report. The court of appeals
is affirmed.


 Meyers, J.


Delivered: April 14, 2010

Publish 
1. While the court of appeals reasoned that Appellant waived or was estopped from
asserting a Confrontation Clause objection, the court held that Appellant forfeited his
Confrontation Clause objection. Stringer, 276 S.W.3d at 104. Although the issue was not raised
and is not necessary to our analysis, we note Marin v. State, 851 S.W.2d 275 (Tex. Crim. App.
1993), which discusses the distinction between waiver and forfeiture.
2. Unless otherwise indicated, all future references to Articles or Sections refer to the Code
of Criminal Procedure.
3. Our PSI statute is very similar to the Federal Rule of Criminal Procedure related to
presentence investigations and presentence reports. See Fed. R. Crim. P. 32.