Opinion filed May 18, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00196-CR
_____

### REYDESEL MARQUEZ-ORTIZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-18-0049-CR**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an eight-year sentence assessed after the trial court adjudicated Appellant, Reydesel Marquez-Ortiz, guilty and revoked his deferred adjudication community supervision. Appellant challenges his sentence in two issues. He requests that we reverse his conviction and sentence and remand the case for a new punishment hearing. We affirm.

*Background Facts*

In January 2018, the State charged Appellant by indictment with the third-degree felony offense of evading arrest with a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016). In January 2019, Appellant pleaded guilty pursuant to a plea bargain agreement. The trial court deferred a finding of guilt and placed Appellant on deferred adjudication community supervision for a term of two years.

The term of Appellant's community supervision was set to expire on October 23, 2020. But on October 13, 2020, the State filed a motion to adjudicate his guilt, alleging that Appellant had committed four violations of the terms and conditions of his community supervision. Two conditions of Appellant's community supervision were (1) that he not commit any additional offenses and (2) that he be at his residence from 10:00 p.m. to 6:30 a.m. The alleged violations were that on October 5, 2020, Appellant (1) failed to be at his residence by his 10:00 p.m. curfew, (2) committed the offense of evading arrest with a motor vehicle, and (3) committed two "Duty on Striking Fixture/Highway Landscape" offenses. *See* PENAL § 38.04(a); TEX. TRANSP. CODE ANN. § 550.025(a) (West 2021).

The testimony at the adjudication hearing showed that on October 5, 2020, at approximately 2:35 a.m., Deputy Keith Hinojos with the Ector County Sheriff's Office heard a call for service broadcasted over his radio. The call detailed that a dark-colored, single cab Dodge Ram was involved in a nearby hit-and-run. Deputy Hinojos saw a vehicle matching the given description traveling southbound. Deputy Hinojos testified that, after he activated his emergency lights, the vehicle proceeded to turn at an intersection and begin traveling "in excess of 90 miles per hour."

2

Deputy Hinojos pursued the vehicle for about fifteen seconds before it "struck an unknown object" and flipped.

Deputy Hinojos exited his patrol vehicle and went to check on the driver of the crashed vehicle. Deputy Hinojos testified that no one was in the vehicle but that he "heard some commotion in the bushes nearby." Deputy Hinojos saw a man in a white T-shirt running through the bushes. Deputy Hinojos testified that the man continued to run despite Deputy Hinojos ordering him to stop. Deputy Hinojos ran after the man, tackled him, and detained him. Deputy Hinojos identified the man as Appellant. He arrested Appellant for evading arrest with a motor vehicle.[1]

Appellant testified at the adjudication hearing. Appellant testified that he was spending time with his family at his grandmother's house, lost track of time, and was on his way home when he was arrested. Appellant testified that he was remorseful for his actions and requested that he be able to remain on community supervision so that he could work to support his family.

The State recommended that the trial court sentence Appellant to seven years in the Institutional Division of the Texas Department of Criminal Justice. The trial court found the allegations that Appellant violated his curfew and evaded arrest with a motor vehicle to be true. The trial court assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of eight years and a fine of $2,000.

*Analysis*

In his first issue, Appellant contends that the trial court abused its discretion by failing to consider the objectives of Section 1.02 of the Texas Penal Code when

---

[1]Deputy Hinojos was unable to determine whether Appellant was the driver involved in the hit-and-run.

sentencing Appellant. *See* PENAL § 1.02 (West 2021). The State asserts that Appellant waived the issue by failing to object on that basis at either sentencing or in a motion for new trial. Alternatively, the State contends that the trial court did not abuse its discretion by sentencing Appellant within the prescribed punishment range.

We first observe that a trial court's decision regarding what sentence to impose is a "normative process, not intrinsically factbound." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). "Subject only to a very limited, 'exceedingly rare,' and somewhat amorphous Eighth Amendment gross-disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal."[2] *Id.* at 323–24 (footnote omitted); *see State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) ("[T]his Court has traditionally held that punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual.").

We begin with the threshold matter of whether Appellant preserved his first issue for appeal. To preserve error for appellate review, the record must show that "the complaint was made to the trial court by a timely request, objection, or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). To preserve alleged error relating to excessive punishment, a defendant must make a timely request, objection, or motion to the trial court.

---

[2]Since Appellant is not making an Eighth Amendment claim that his sentence was grossly disproportionate, it would appear that there is a question as to whether his claims are cognizable in light of Chavez's use of the term "unassailable."

*Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *Casteneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("In some instances, an appellant may preserve a sentencing issue by raising it in a motion for new trial."); *Vidaurri v. State*, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001) (failure to object at the time of sentencing or in a posttrial motion waives error for appeal); *see also Nieto v. State*, No. 11-20-00163-CR, 2022 WL 2252424, at *1 (Tex. App.—Eastland June 23, 2022, pet. ref'd) (mem. op., not designated for publication).

Appellant did not assert that the sentence imposed by the trial court violated Section 1.02 at the adjudication hearing or in a motion for new trial. A complaint that a sentence violates Section 1.02 must be presented to the trial court in order to preserve the complaint for appellate review. *Nieto*, 2022 WL 2252424, at *1–2; *Neal v. State*, No. 05-19-00699-CR, 2020 WL 3958192, at *3 (Tex. App.—Dallas July 13, 2020, no pet.) (mem. op., not designated for publication); *Littlebird v. State*, No. 05-17-00709-CR, 2018 WL 2926811, at *2 (Tex. App.—Dallas June 7, 2018, no pet.) (mem. op., not designated for publication); *Thornton v. State*, No. 05-16-00565-CR, 2017 WL 1908629, at *4 (Tex. App.—Dallas May 9, 2017, pet. ref'd) (mem. op., not designed for publication).

Even if Appellant had preserved the error, his contention is without merit. We review a trial court's determination of punishment for an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). The general rule is that a trial court does not abuse its discretion if the sentence is within the proper range of punishment. *Id.* The range of punishment for a third-degree felony is for any term of not more than ten years or less than two years in the Texas Department of Criminal Justice. PENAL § 12.34. The trial court sentenced Appellant to a term

of eight years. Thus, Appellant's sentence is within the statutory range for a third-degree felony. *See* PENAL § 12.34.

Appellant also asserts that the trial court imposed a sentence that is disproportionate[3] to Appellant's original sentence of deferred adjudication for a period of two years. This contention is unsupported by authority or the record before us. Appellant's contention "confuses the decision to adjudicate, which [is] based on the violations of supervision, with the punishment decision." *See Atchison v. State*, 124 S.W.3d 755, 759 (Tex. App.—Austin 2003, pet. ref'd). The trial court imposed an eight-year sentence as punishment for the third-degree felony to which Appellant had previously pleaded guilty.

Appellant further asserts that the trial court's "real goal" was to punish Appellant with a harsh sentence and that the trial court did not consider public safety, deterrence, or Appellant's rehabilitation. *See* PENAL § 1.02. Appellant was originally placed on deferred adjudication community supervision for the offense of evading arrest in a motor vehicle. Appellant was then placed in the Intensive Supervision Program of the Ector County Community Supervision and Corrections Department from March 2019 to March 2020 after he tested positive for cocaine during his second month of probation. The State filed a motion to adjudicate guilt only after Appellant was arrested for evading arrest with a motor vehicle for a second time.

Appellant testified that he "ran" from Deputy Hinojos because he believed that he was going to have his community supervision revoked or face potential

---

[3]Although Appellant asserts that his sentence is disproportionate, he does not contend that the sentence violates the United States Constitution or the Texas Constitution. Thus, a constitutional analysis is beyond our review. However, we find nothing disproportionate in an eight-year sentence for evading arrest with a motor vehicle.

prison time for breaking his curfew. Appellant also failed to meet with his community supervision officer for their scheduled meeting on October 22, 2020. Appellant's explanation for missing the meeting was because he was "trying to stay away from jail, knowing that [he] had the warrants" so that he could be there for his third child's birth.

Based on the crime charged and Appellant's own admissions, we cannot say that the sentence violates Section 1.02's objectives to prevent the reoccurrence of criminal behavior to ensure public safety. *See* PENAL § 1.02 (1)(A), (C). Moreover, incarceration does not necessarily mean that Appellant will be denied the opportunity for rehabilitation. *See Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd). Accordingly, the trial court did not abuse its discretion. Appellant's sentence is within the prescribed statutory range, and it does not violate the objectives stated in Section 1.02 of the Texas Penal Code. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court failed to consider "the good and the bad" of Appellant's criminal and social history, citing *Stringer v. State* in support of his contention that this failure resulted in his eight-year sentence. *See Stringer v. State*, 276 S.W.3d 95, 96, 101 (Tex. App.—Fort Worth, 2008), *aff'd*, 309 S.W.3d 42 (Tex. Crim. App. 2010) ("The statutory provisions require a judge's consideration of a defendant's entire 'criminal and social history'—i.e., the good and the bad aspects of the defendant's criminal and social history.").

Specifically, Appellant contends that the trial court violated Article 37.07, Section 3(d) of the Texas Code of Criminal Procedure because it did not reference the prepared presentence investigation report (PSI), which "presumably" included topics such as Appellant's family and work history. *See* TEX. CODE CRIM. PROC.

ANN. art. 37.07 § 3(d) (West Supp. 2022) ("When the judge assesses the punishment, the judge may order a presentence report . . . and after considering the report, and after the hearing of the evidence . . . the judge shall forthwith announce the judge's decision in open court as to the punishment to be assessed."). The State asserts that Appellant waived this issue by failing to object at either sentencing or in a motion for new trial.

Appellant did not assert that the trial court violated Article 37.07, Section 3(d) at the adjudication hearing or in a motion for new trial. A complaint that a sentence violates Article 37.07, Section 3(d) must be presented to the trial court in order to preserve the complaint for appellate review. *See Herrera v. State*, 599 S.W.3d 64, 68 (Tex. App.—Dallas 2020, no pet.) (holding that a defendant's rights involving a PSI can be waived by inaction).

Even if Appellant had preserved the error, the record does not support Appellant's contention that the trial court did not consider the "good" information contained in the PSI. Notably, the trial court stated on the record that it had reviewed the PSI. Further, we note that the "good" information Appellant claims the trial court did not consider—his lack of previous criminal history, his family, and his work experience—were all mentioned by Appellant in his testimony. Finally, the PSI is not included in the record before us.[4] As such, we cannot determine whether the PSI contained additional "good" information that *was not considered by the trial court. See Diaz v. State*, No. 11-10-00381-CR, 2012 WL 2978786, at *1 (Tex. App.—Eastland July 19, 2012, no pet.) (per curiam) (mem. op., not designated for

---

[4]"Because the PSI report is deemed 'confidential' by law, it is not required to be made part of the appellate record and thus is not normally included in that record." *Ibarra v. State*, No. 06-21-00013-CR, 2021 WL 4095255, at *2 n.4 (Tex. App.—Texarkana Sept. 9, 2021, pet. ref'd) (mem. op., not designated for publication).

publication) (citing a legal commentary for the proposition that defense counsel should include the PSI in the record if the appellant relies upon it for presenting his claim on appeal).

We briefly address Appellant's contention that the trial court's focus on the "bad" facts of Appellant's criminal history was due to a misunderstanding of the facts surrounding Appellant's October 5, 2020, evading arrest with a motor vehicle offense. Appellant notes that the State asserted in its closing argument that Appellant was arrested for the "exact same thing on the PSI that he did before" and that the trial court agreed by responding, "Exactly." While Appellant concedes that he was charged with evading arrest in both 2018 and 2020, he argues that the "underlying basis" of each offense was different because Appellant's first evading arrest charge was in an attempt to avoid being charged with the possession of an illegal substance, while Appellant's second charge did not involve illegal substances. Thus, Appellant asserts, the trial court relied on a misunderstanding of the similarity between Appellant's two evading arrest charges.

We disagree with Appellant's interpretation of the trial court's statement. Appellant conceded during his testimony that he committed "essentially, the same offense that [he was] already on probation for." Further, Appellant's trial counsel acknowledged in his closing argument that Appellant "made a mistake doing the same thing that he was caught doing the last time." Thus, we believe the record clearly indicates that the "same thing" both parties and the trial court were referring to was Appellant's decision to evade arrest with a motor vehicle, rather than his motivations behind his evasions from law enforcement. Appellant's second issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

May 18, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.